JOHN D. GILBERT, plaintiff in error, *vs.* JAMES DENT, defendant in error.

When a suit was brought on a promissory note, signed by one claiming to be the agent of the defendant, and there was some evidence that the defendant had accepted, knowingly, the consideration for which the note was given:

*Held,* That it was error in the Court to rule out the note as evidence. The case should have been submitted to the jury, under the charge of the Court, as to the effect of the defendant's act, should they believe he had accepted, knowingly, the consideration for which the note was given.

Promissory note. Evidence. Power of attorney. Before Judge COLE. Bibb Superior Court. November Term, 1871.

John D. Gilbert brought assumpsit against James Dent upon a promissory note, alleged to have been made by defendant, by J. R. Marshall, his attorney in fact, on July 20th, 1870, payable on the 15th of November next thereafter, to plaintiff, or bearer, for the sum of $222 58.

The defendant pleaded *non est factum.* It appears from the evidence that the defendant executed the following power of attorney:

"STATE OF GEORGIA—DOUGHERTY COUNTY:

"Know all men by these presents that I, James Dent, of Bibb county, Georgia, do constitute and appoint Joel R. Marshall, of Dougherty county, Georgia, as my agent and attorney to look after my effects in said county, and to see that B. F. Lancaster and J. T. Champion, now of said county, and renters of my plantation in said county, for the year 1870, do return all things back, according to contract and agreement, and also the fifty bales of cotton, and all other advances that James Dent may make. And, in case that B. F. Lancaster and J. T. Champion should fail to deliver the cotton and other things, according to contract and agreement between myself, James Dent, of Bibb county, and B. F. Lancaster and J. T. Champion, now of Dougherty county, Georgia, my agent, Joel R. Marshall, must take all necessary steps

Gilbert *vs.* Dent.

to secure my effects and interest, and to employ counsel as my agent.   May 11th, 1870.

(Signed)              "JAMES DENT. [L. S.]

Witness:

"(Signed)   M. M. SHIPP."

Joel R. Marshall testified, that the defendant gave him authority to receive from Lancaster and Champion his (defendant's) share of the crop, the plantation, stock and all other property; that defendant was absent at the springs, and witness was residing in Dougherty county, on defendant's plantation; that Lancaster and Champion failed in their planting operations, and to get rid of them, and to extinguish their claim to the crop of 1870, witness, as agent of defendant, agreed to pay the claim of plaintiff against said lessees, and also to pay to them $100; that witness had no authority to do this, but he thought it best for defendant's interest; that, after the payments were made to Gilbert (the plaintiff,) and Champion, he received a letter from defendant directing him to pay out nothing; that witness reported the transaction to defendant and he repudiated it entirely and censured witness; that, through this transaction, witness was enabled to take possession of the stock and crop then on the place; that the only real benefit received by defendant in getting possession of his plantation was that an opportunity was secured for gathering the crop and of taking care of his stock; that plaintiff, in the arrangement, agreed to take one-half of his claim; that witness does not know that defendant was originally liable on this claim; that the contract between the lessees and defendant was, substantially, as follows: the lessees were to give defendant fifty bales of cotton and return all advancements of corn, fodder, utensils, cotton and other seed, and pay all damages resulting from their neglect; that the lease was for one year; that, at the time said note was given, there was no prospect of obtaining the contracted rent; that the inducement to defendant to get his place back was that he might save something; that defendant saved all that

was gathered, and if Champion had been permitted to remain, but little would have been raised and much lost and wasted; that the expenses of running the farm and gathering the crop fully equaled the value of the possession to defendant.

The plaintiff testified that Champion was defendant's tenant for the year 1870, and refused to give up possession unless the note sued on was made; that plaintiff's account was just twice the amount of the note; that the benefit to defendant was, he obtained possession of his plantation; that the account in favor of plaintiff was for supplies furnished to the place; that plaintiff refused to accept the note made by Marshall until he saw his power of attorney.

After introducing the foregoing evidence the plaintiff tendered the note sued on. On objection made, the Court excluded the same, and plaintiff submitted to a non-suit and excepted to the aforesaid ruling, and now assigns the same as error.

LYON & IRVIN, for plaintiff in error.

LANIER & ANDERSON, for defendant.

McCAY, Judge.

We think the Court should have submitted the note with the other evidence to go to the jury. There was some evidence of ratification by the defendant. We do not say that the agent had authority, under the power of attorney, to sign the defendant's name to the note, nor are we prepared to say that the *mere fact* of his taking possession of his own deserted farm is to be considered evidence of ratification. But there is more than this in the evidence—we will not say how much—but under the numerous decisions of this Court on the subject of non-suit, we are not prepared to say that there was *no* proof of ratification: 15 *Georgia*, 491; 37th, 26; 35th, 132; 5th, 171. A man is not permitted to adopt an act of his agent so far as it is for his own benefit and re-

pudiate that part of it he does not like. If the defendant below *accepted* this plantation and crop as returned to him by the tenant, under the contract with the agent, he must take it altogether. He cannot *take back the land, crop,* etc., without taking it with the burden put upon it by the contract. If, however, he did not take back his place, etc., but repudiated the whole, and finding his place deserted, his stock neglected, went upon the place to save what he could, then he did not ratify. We think the note, with all the evidence, ought to have gone to the jury under proper instructions as to the law.

Judgment reversed.