GILMORE *et al. vs.* WELLS *et al.*

78 197|
123 869|

78 197
127 389

Where a plaintiff proceeded by a warrant, under §4077 of the code, to turn another out of the possession of a certain tract of land as a tenant holding over, and the defendant filed a bill on behalf of herself and her children, alleging that, by reason of her poverty, she was unable to give the bond required by §4079 of the code; that she and her children had an independent title, not held under the plaintiff, which she set out; that the plaintiff never had title to the land; that he was insolvent and unable to respond to any damages she might recover against him; and that the relation of landlord and tenant never existed between herself and children, or her husband and the plaintiff; such a bill was not demurrable, and under it an injunction could be obtained to prevent the plaintiff from interfering with the complainants in the enjoyment and possession of the land.

(a) This case differs from those of *Hall vs. Holmes et ux.*, 42 *Ga.* 179; *Cherry vs. Ware*, 63 *Id.* 289, and *Huff vs, Markham*, 71 *Id.* 557.

November 23, 1886.

Landlord and Tenant. Trespass. Injunction. Before Judge LUMPKIN. Hancock Superior Court. April Term, 1886.

Reported in the decision.

JORDAN & LEWIS, for plaintiffs in error.

JAMES A. HARLEY, by brief, for defendants.

BLANDFORD, Justice.

Gilmore took out a warrant against defendant, under section 4077 of the code, to turn her out of a certain tract of land. The defendant proceeded to file her bill, in her own behalf and as next friend for her children, against plaintiff, in which she alleged that, by reason of her poverty, she was unable to give the bond required by §4079 of the code. She set up title to the premises through one Perkins, to the land by purchase by her husband while in life, and a bond for title to him by Perkins, and that the

purchase money had been paid, and seven years' posses-
sion under the bond, and that all the property which her
husband left at his death was not worth more than five
hundred dollars, and that the property was hers and her
children's. She denied that the relation of landlord and
tenant ever existed between herself and children, or her
husband and Gilmore, and denied that Gilmore ever had
title to the land, and alleged that he was insolvent and un-
able to respond to any damages she might recover against
him. To this bill Gilmore demurred for want of equity,
and because complainants had a full and adequate remedy
at law. The court overruled the demurrer, and defendant
excepted, and this is assigned as error. The case pro-
ceeded to a hearing and the jury found for complainant.
A decree was rendered perpetually enjoining the defend-
ant, Gilmore, from further interfering with the complain-
ants in the enjoyment of the possession of the land in
controversy.

The counsel for plaintiff in error insists that this case is
governed by the cases of *Hall vs. Holmes and wife*, 42 *Ga.*
179; *Cherry vs. Ware*, 63 *Ga.* 289, and *Huff vs. Markham*,
71 *Ga.* 557. It will be seen, by an examination of these
cases, that in neither of them was the title of the
premises in dispute between the parties, nor will it appear
that the relation of landlord and tenant was denied;
while, in the present case, the tenancy is denied, and
complainant sets forth her and her children's title inde-
pendent of the pretended landlord, and denies that he ever
had any title whatever, and alleges his insolvency as being
unable to respond to complainant for any damages which
they might recover from him by reason of his wrongful act
in turning them out of possession of their land. As it ap-
pears to us, this is a bill to restrain a trespass by one who
is insolvent, and who is unable to respond for the damages
which may be incurred by the trespass. A court of equity,
as a general rule, has no power to restrain a trespass, but
will ordinarily leave the party injured to seek redress for

the same in a court of law. But where it is shown that the remedy at law is or will prove fruitless, and the loss or damage is irreparable, then, it has often been decided by this court and it is undoubtedly the law that, a court of equity will intervene by injunction to restrain the trespass. It is as much a trespass to turn one out of possession of her land under color of the law by warrant under section 4077 of the code, by a false affidavit for that purpose, as without such a warrant; and the party so using this law wrongfully is liable to the party aggrieved for any damages they may sustain by the wrongful conduct of the other party. And in this case, the plaintiff in error is alleged to be insolvent and unable to respond in damages for his contemplated wrongful act. The remedy at law falls short of affording complainants full and adequate relief. So we think that the relief sought in equity is proper, and that the court did right to overrule the demurrer filed in this case by plaintiff in error; and his decree in the premises must be affirmed.