### SYKES *v.* BENTON.

A tenant for life may by contract rent premises at a fixed annual rent payable each year, and stipulate that the contract shall continue in force for and during his life, without parting with his estate in the premises, there being in the contract no words of conveyance and the language used all indicating an intention, not to sell and convey, but to create a tenancy in consideration of rent to be paid, and not in consideration of a price as purchase money. On failure to pay one of the annual installments, the tenant may be removed the same as a tenant holding over, under section 4077 of the code, and there may be a recovery against him for double the rent due, as provided in section 4081.

August 1, 1892.

Landlord and tenant. Life-tenancy. Vendor and vendee. Before Judge HUTCHINS. Clarke superior court. April term, 1891.

On January 12, 1891, Jonas, as agent for Mrs. Benton, made affidavit to eject Sykes as a tenant holding over without payment of rent for a tract of land of which Mrs. Benton was the owner for life. Sykes filed a counter-affidavit. At the trial the plaintiff introduced the contract between her and Sykes, and the testimony

of Jonas, and closed; whereupon defendant moved for a nonsuit. The motion was overruled, and defendant excepted. He also excepted to the refusal of a new trial after verdict for the plaintiff.

The contract was dated December 26, 1889, and by it, in consideration of $50 to be paid annually, commencing in November, 1890, Mrs. Benton agreed to rent to Sykes the tract of land known as her dower in her late husband's estate (the tract in question); " this contract to last during my lifetime." Jonas testified: Mrs. Benton is his mother-in-law and appointed him agent for her, which appointment is in writing and is in his possession. She also gave him power of attorney, which is in writing and in his possession. She told him in the fall of 1890, after the rent was due, to swear out distress warrant. That was not in writing. This direction was made some time in January. Witness, as agent for her, went to Sykes, served him with a paper written by her attorney, and demanded possession of the dower place, and Sykes refused to give it up. He then went back to the attorney who drew the papers "now in suit."

The motion for nonsuit was upon the grounds that under the contract Sykes did not hold as a tenant or lessee, but as a purchaser of a freehold estate, and could not be ejected in this sort of proceeding; and that it did not appear from the evidence that Jonas had authority to swear out the warrant, nor that a demand had been made for possession before taking out the warrant. The motion for new trial contained the general grounds, and that the court erred in allowing Jonas to testify, over objection of defendant, after he had already stated that his appointment as agreed by plaintiff was in writing and in his possession, as follows: " Mrs. Benton told me to swear out the papers, after the date of written authority to act as her agent." The objection was,

that the witness was testifying as to contents of the appointment of agency. Also, that the court erred in charging that under the contract, if defendant failed to pay the rent when due, the plaintiff had a right to take out this sort of proceeding.

THOMAS & STRICKLAND, for plaintiff in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

Perhaps it would be possible, under a strictly technical construction of the contract between these parties, to hold that Mrs. Benton parted with her whole estate in the premises, and passed the same to Sykes. But we are satisfied that such a construction would do violence to the real intention of the parties. If one had intended to sell and the other to purchase, other and quite different language would have been used to express such intention.

We agree with the court below in holding that the true legal relation between the litigants was that of landlord and tenant, not that of vendor and vendee; and that the consequences which would result from the relation in ordinary cases, must follow in this. The head-note completes this opinion.  *Judgment affirmed.*