LONG *et al.*, administrators, *v.* HARRISON *et al.*

LUMPKIN, P. J. This case was submitted to the trial judge for decision without a jury. The bill of exceptions recites that " he rendered a decision against plaintiff," and that " to said judgment and decision plaintiff in error herein excepts and now assigns the same as error." Save as above indicated, there was no attempt to assign error. It follows that the writ of error must be dismissed for want of a specific assignment of error. See *Collins* v. *Carr*, ante, 867, and cases cited.

*Writ of error dismissed. All the Justices concurring.*

Argued July 27, — Decided August 9, 1900.

Motion to dismiss the writ of error.

*Frank L. Little* and *Allen & Pottle*, for plaintiffs.
*Hunt & Merritt*, for defendants.

---

SMITH *et al. v.* WYNN *et al.*

LITTLE, J. When a person against whom a dispossessory warrant has been sued out, on the ground that he is a tenant holding over, files a petition setting forth grounds for equitable interference with the execution of such warrant, and containing allegations sufficient of themselves to show that the plaintiff has title to the land by prescription, it is error to dismiss the petition on demurrer thereto Since the demurrer admits the truth of those allegations, the possession of the plaintiff must, in dealing with the demurrer, be treated as a possession held by him as owner and not as tenant. *Judgment reversed. All the Justices concurring.*

Argued July 28, — Decided August 9, 1900.

Equitable petition. Before Judge Russell. Banks superior court. September term, 1899.

*W. W. Stark*, for plaintiffs.
*J. C. Edwards* and *A. P. Wofford*, for defendants.