## JOHNSON v. THROWER et al.

1. A warrant to dispossess a tenant who is holding over beyond his term, or who has failed to pay rent due, may be issued upon an affidavit made by an agent of the landlord.
2. In a case where the undisputed evidence shows that the relation of landlord and tenant exists between the parties, the execution of a warrant to dispossess the tenant will not be enjoined by a court of equity ; the remedy of the tenant, if he has any defense, being to file the counter-affidavit provided for by the statute; and this is so though the tenant, on account of poverty, may be unable to give the bond and security required as a condition precedent to the filing of such counter-affidavit.
3. The rule, that a tenant can not set up a title to the rented premises in opposition to that claimed by his landlord, is applicable although at the time the contract of rent was made the tenant was in possession claiming title to the premises.
4. None of the rulings made during the progress of the trial, even if erroneous, were of such a character as to authorize a reversal of the judgment refusing to grant an injunction, and such judgment was under the facts the only proper one which could have been rendered.

Submitted March 24, — Decided June 3, 1903.

Petition for injunction. Before Judge Lumpkin. Fulton superior court. January 28, 1903.

*Robert L. Rodgers*, for plaintiff.     *C. L. Pettigrew*, for defendants.

FISH, J.    On December 29, 1902, M. L. Thrower, as agent for W. R. Phillips, made an affidavit as the foundation for a warrant to dispossess Mary Johnson from certain described premises, on the ground that she as tenant of Phillips had failed to pay rent then due.    The warrant was issued, commanding Mary Johnson as tenant to deliver possession of the premises to W. R. Phillips or his representative.    Notice of the issuance of the warrant was duly given to Mary Johnson, who was in possession of the premises; and she filed a petition in the superior court, praying that the execution of the warrant be enjoined, claiming in her petition that she was the owner of the property in question and not the tenant of either Phillips or Thrower.    The judge refused to grant the injunction, and the plaintiff excepted.

1.    At the hearing the plaintiff offered evidence which it is claimed established her contention.    Whereupon the defendant Phillips offered in evidence a contract, of which the following is a copy: "We have this day rented of W. R. Phillips the house and lot in the city of Atlanta known as No. 204 Markham Street, from this date to the 1st day of May, 1903, and promise to occupy said premises as his tenants, and agree to pay him one dollar per month for the rent of the same, the first payment and each payment to be made on or before the 10 day of each month.    At the expiration of said lease we agree to vacate said premises and give the possession of the same to said W. R. Phillips.    This Nov. 1st, 1902.      [Signed]                    Ned Johnson.

her<br>Mary X Johnson."<br>mark

The execution of this contract by Mary Johnson, the plaintiff, was duly proved.    The plaintiff objected to the admission of this contract, on the ground that the dispossessory warrant was a proceeding by M. L. Thrower individually against Mary Johnson alone, and the contract, being between W. R. Phillips on the one side and both Mary and Ned Johnson on the other, was irrelevant.    The court properly overruled this objection.    While it appeared that the affidavit which was the foundation of the warrant was made by Thrower as agent for Phillips, the warrant was issued in the name of Phillips, and, by the express terms of the statute, a warrant against a tenant holding over beyond his term or failing to pay

the rent when due may be issued upon an affidavit made by the agent of the landlord. Civil Code, § 4813. Such an affidavit is properly signed, as was the one in the present case, by the agent himself in his individual name, and when the affidavit contains a recital of his agency, a sufficient compliance with the statute is shown. It appears therefore that the "proceeding" was not one by M. L. Thrower as an individual, but by W. R. Phillips, the person claiming to be the landlord. The contract was evidence that the relation of landlord and tenant existed between Phillips and the plaintiff, and the fact that another person joined with her in the obligation to pay the rent did not make the contract irrelevant or inadmissible. That no effort was being made to dispossess her cotenant affords her no just cause of complaint. There was no effort made by the plaintiff to show that she did not execute the contract, and it must therefore, for the purposes of this case, be taken as conclusively establishing the facts stated therein.

2. As the relation of landlord and tenant existed between the parties, the remedy of the plaintiff, if she did not owe the rent, was by counter-affidavit, and unless some reason existed why this remedy was not available, the extraordinary powers of a court of equity could not be called to her aid. It is alleged in the petition that such a reason did exist, it consisting in plaintiff's inability to give the bond and security required by the statute. It is settled by repeated adjudications that this constitutes no reason for equitable interference. *Brown* v. *Watson*, 115 *Ga.* 592, and cases cited. The distinction pointed out in that case between the ruling then made and that made in *Brooks* v. *Stroud*, 111 *Ga.* 875, is applicable in the present case; for while the plaintiff in her petition denies the tenancy, the uncontradicted evidence shows that she had made a contract of tenancy with the defendant Phillips.

3. But even if the remedy by injunction had been available to the plaintiff, she would have been estopped to set up title in herself, in opposition to that claimed by her landlord. The doctrine that a tenant can not dispute his landlord's title while in possession under the contract of tenancy has been so many times ruled by this court that any elaboration of the proposition would be superfluous; and while there are exceptions to the rule, none of the exceptions apply in the present case. If a tenant in possession desires to litigate with his landlord the title to the premises, he

must first pay the rent and surrender possession. By entering under the landlord he admits his title, and the law will not permit him to assume an inconsistent position, either by attorning to any one else as his landlord, or by claiming himself title to the premises. It is wholly immaterial that the landlord may in fact have not even color of title to the property. It is enough that he claimed it, and that the tenant by his contract of tenancy recognized the claim. As against him, the claim is valid, though wholly unfounded. See *Grizzard* v. *Roberts*, 110 *Ga.* 41, where the previous decisions of this court are collated. See also 18 A. & E. Enc. L. (2d ed.) 411-414; 2 McAdam, Land. & T. (3d ed.) 1350, and cases cited, and § 423. The rule is the same where the tenant is in possession, even under a claim of ownership, when the contract of tenancy is made. See Lucas v. Brooks, 18 Wall. 436; 18 A. & E. Enc. L. (2d ed.) 415, and cases cited in note 3.

4. It follows from the foregoing that the trial judge properly refused to grant the injunction prayed for by the plaintiff. If any error was committed in ruling out a portion of the evidence offered by plaintiff to establish her title to the premises, it resulted in no injury to the plaintiff; for it would have been proper, after the contract of tenancy between plaintiff and Phillips was introduced in evidence, to have ruled out all the evidence relating to the claim of title by the plaintiff. None of the rulings complained of in the bill of exceptions, even if erroneous, were of such a character as to authorize a reversal of the judgment refusing to grant an injunction.

*Judgment affirmed. By five Justices.*