### HAYS *et al. v.* CLAY.

FISH, C. J. 1. A warrant was sued out, under the Civil Code, § 4813, to dispossess a tenant. The defendant filed an equitable petition, in behalf of herself and her minor children, against the plaintiff. In her petition she denied the tenancy, as well as plaintiff's title to the premises in question. She alleged, that her husband died intestate, seized and possessed of the premises, leaving her and the children as his heirs at law; that there had been no administration upon his estate; that prior to his death he became indebted to the defendant, and to secure the payment of the indebtedness delivered "his title deed to the land" to the defendant, and agreed, "as one way of payment" of such indebtedness, to pay the defendant "certain specified rental" for the premises; that if her husband conveyed the premises to defendant, and the deed "was not fraudulently procured, and forged and held by the defendant, as petitioner . . charges," it was merely for the purpose of securing such indebtedness; that since her husband's death she had continued to pay rent to the defendant, but always protesting that the premises belonged to her husband's estate and that the payments were not as rent; and that she and her husband were both illiterate. She charged, upon information and belief, that all of such indebtedness had been paid, and prayed for discovery as to amounts, etc., of payments, interest charged, .etc., for an accounting, and that the dispossessory proceedings be enjoined. She offered to pay any balance that might be found due on the indebtedness. There was no allegation that the petitioner was unable, by reason of her poverty, to give the bond required by the Civil Code, § 4815, to arrest the proceeding to dispossess her; nor any allegation that the defendant was insolvent; nor any averment that her damages would be irreparable, if dispossessed. *Held,* that the petition was properly dismissed on general demurrer. See *Johnson* v. *Thrower,* 117 *Ga.* 1007, and cit.

2. An amendment offered to a petition and disallowed by the court is no part of the record, and can come to the Supreme Court only by being set

out in the bill of exceptions, or annexed thereto as an exhibit duly authenticated. *Moore* v. *Guyton,* 110 *Ga.* 330, and cit.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*

Submitted November 18, 1905.—Decided February 19, 1906.

Equitable petition. Before Judge Felton. Bibb superior court. April 18, 1905.

*J. W. Preston Sr.,* for plaintiffs.

*Nottingham & McClellan,* for defendant.