*G. H. Carswell, Allen & Pottle,* and *J. H. Hall,* contra.

---

Napier *v.* Varner *et al.*

Atkinson, J. 1. A contract was in the following language: "August 26th, 1915. This contract entered into this day between J. H. Napier of first part and F. G. Varner of the second part, both of Macon, Bibb County, and State of Georgia, witnesseth: That the said J. H. Napier has this day leased to the said F. G. Varner for the term of five years, beginning Jan. 1st, 1916, and terminating Dec. 31st, 1920, the plantation in Wilkinson County, Georgia, belonging to the said J. H. Napier, consisting of and including the lands known as the Home Place, the Plantation, the Forty-Acre Field, and the Farm Place, at an annual rental of twenty-six (26) bales of lint-cotton of 500 pounds each, class middling, packed in merchantable bales and delivered at Macon, Georgia, as per five (5) rent notes due on Oct. 1st of each year. The said J. H. Napier hereby agrees and contracts to add two rooms to the present 3-room house located where the old home formerly stood, to build three tenant-houses of two rooms and a kitchen each, the location of each to be decided on later, and to furnish all the material to repair two old houses on the old home quarter, the said F. G. Varner agreeing to do all the hauling of all the material for all of the building and to do the work of repairing the said two old houses at his own expense. [Signed] J. H. Napier. F. G. Varner." *Held,* that this contract created the

relation of landlord and tenant within the meaning of the Civil Code, § 5385, which affords a landlord a summary remedy to evict his tenant where the tenant holds the land over and beyond the term for which it was rented, or where he fails to pay the rent when the same shall become due.   Civil Code, § 3691; *Sykes* v. *Benton*, 90 *Ga.* 402 (17 S. E. 1002) ; *Clifford* v. *Gressinger*, 96 *Ga.* 789 (22 S. E. 399).

2. Where a summary proceeding is instituted by a landlord against his tenant under the Civil Code, § 5385, to evict the tenant for failure to pay a stipulated rent when due, the tenant has an adequate remedy under the Civil Code, § 5387, by filing an affidavit denying that the rent is due and giving bond as provided by the statute.   The mere fact that owing to the defendant's proverty he is unable to give the bond would not afford him ground to go into a count of equity and enjoin the plaintiff from pursuing his summary remedy.   *Hall* v. *Holmes*, 42 *Ga.* 180.   See also *Huff* v. *Markham*, 70 *Ga.* 284; *Brown* v. *Watson*, 115 *Ga.* 592 (41 S. E. 998) ; *Johnson* v. *Thrower*, 117 *Ga.* 1007 (44 S. E. 846) ; *Hays* v. *Clay*, 124 *Ga.* 908 (53 S. E. 399) ; *White* v. *Lawrence*, 133 *Ga.* 528 (66 S. E. 171).

3. Applying the principles announced to the facts of this case, the court erred in granting the interlocutory injunction.

*Judgment reversed.   All the Justices concur, except Fish, C. J., absent, and Gilbert, J., disqualified.*

No. 1318.   DECEMBER 11, 1919.

Injunction.   Before Judge Park.   Wilkinson superior court. January 23, 1919.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error. *Joseph H. Hall,* contra.