## HARVEY *v.* ATLANTA & LOWRY NATIONAL BANK *et al.*

1. The petition set out a cause of action.
2. When an alleged landlord sued out a statutory proceeding to eject an alleged tenant for non-payment of rent, the latter could file her suit in equity against the alleged landlord to enjoin the dispossessory proceeding, where she denied that the relation of landlord and tenant existed between her and the plaintiff in such proceeding, but alleged that she held under such plaintiff under a contract of sale, and in the same suit, in a proper case, could seek specific performance, by the plaintiff in such proceeding, of the contract of sale, without being required to file a counter-affidavit to such proceeding and to give the bond required by the statute to arrest such proceeding, and without being required to file her suit for such equitable relief in the county where such proceeding was instituted.
3. The trial judge erred in· sustaining the demurrer to the petition.

No. 5545. JULY 16, 1927. REHEARING DENIED AUGUST 25, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. June 4, 1926.

*J. J. Barge* and *Lawton Nalley,* for plaintiff.

*King, Spalding, MacDougald & Sibley,* for defendants.

Justices Atkinson, Hill, and Gilbert being disqualified, Judges Eve of the Tifton Circuit, McLaughlin of the Chattahoochee Circuit, and Thomas of the Southern Circuit were designated to sit in their stead.

EVE, J. Mrs. A. J. Harvey, the plaintiff in error, was plaintiff in the court below; she is referred to herein as Mrs. Harvey.

Constitutional Law, 12 C. J. p. 704, n. 98, 99, 2.
Injunctions, 32 C. J. p. 291, n. 62; p. 319, n. 31.
Specific Performances, 36 Cyc. p. 773, n. 47, 52.
Venue, 40 Cyc. p. 96 n. 79; p. 97, n. 81.

40

The Atlanta and Lowry National Bank, the defendant in error, was defendant in the court below; it is referred to as the bank The bank sued out and filed in Campbell County, the place of residence of Mrs. Harvey, a dispossessory warrant. It was set up in the affidavit that Mrs. Harvey was its tenant holding possession of a certain dwelling in Campbell County, alleged to be the property of the bank; and that she was holding over and refused possession. It appears that Mrs. Harvey did not give bond or file counter-affidavit in answer to this proceeding, and that she is still in possession of the premises in dispute. Shortly after filing of the dispossessory warrant Mrs. Harvey presented to the superior court of Fulton County, the residence of the bank, an equitable petition against it. The bill contains allegations of fraud on the part of the bank, through which, as is charged, it obtained paper title to the premises in dispute; that the complete equitable title is in the complainant; and that she is not and has never been the tenant of the bank. She asks that the bank be enjoined from a further prosecution of the dispossessory warrant in Campbell County. The petition prays for specific performance of an alleged contract with the bank, under the terms of which the bank is to convey to her the premises of which it is seeking to dispossess her.

Demurrer and answer to this petition were filed by the bank. The grounds of the demurrer were: (1) There is no equity in the bill. (2) The plaintiff has an adequate and complete remedy at law. (3) The petition does not set forth a cause of action. The trial judge sustained the demurrer, presumably on all of the grounds thereof, and dismissed the petition. The plaintiff is now before this court, seeking relief from the effects of this alleged erroneous judgment.

1. It is apparent that there is no merit in the first ground of the demurrer. If the contract set up and the fraud alleged by Mrs. Harvey in her petition are admitted for the purpose of the demurrer, she is entitled to all of the equitable relief sought; provided, of course, she has entered the proper forum. We will not presume that the judge based his ruling on this ground alone.

2. As to the second ground: The constitution fixes the venue of suits of this character in the county of the residence of the defendant against whom substantial relief is prayed. Civil Code, § 6540. No legislative or judicial tinkering can add to, take

from, or vary this provision. This statement is made with section 5527 before us, wherein a seeming exception is set up. See 132 *Ga.* 96 (63 S. E. 819). It is apparent that only through waiver or voluntary submission to the courts of another county may a trial take place in a county other than that of the defendant's residence. It is clear that the bank may, through the bringing of an action which becomes a "pending suit," submit itself to the jurisdiction of the court of Campbell County to such an extent that the defendant in the dispossessory warrant proceeding may secure specific performance and other equitable relief of an affirmative nature. It seems to be equally clear that the defendant is not in position to demand this, unless such defense has been filed as to make a "pending suit in Campbell County." See, in this connection, *Vickers* v. *Robinson,* 157 *Ga.* 731 (122 S. E. 405), citing most of the cases in point. It seems to be well established that a dispossessory warrant within itself is not a pending proceeding. See *Townsend* v. *Brinson,* 117 *Ga.* 375, 379 (43 S. E. 748), and cit. This being true, it follows of necessity, that Mrs. Harvey has no right to obtain equitable relief in Campbell County as a result of the presence of the dispossessory warrant proceeding, until she voluntarily submits herself and raises the issues by the filing of a defense. This she is apparently unwilling to do, probably for the reason that such action will necessitate the giving of a bond; whereas no bond is necessary if she is properly before the superior court of Fulton County.

We have apparently reached the vital question in the case: Can the bank, by the mere bringing of a dispossessory warrant proceeding, *compel* Mrs. Harvey to seek all the equitable relief asked for, in Campbell County? The court holds the opinion that the mere filing of a defense to the dispossessory warrant proceeding in Campbell County would not, without more, deprive Mrs. Harvey of her constitutional right to sue in Fulton. There is no apparent reason why she should not ask for and obtain injunctive relief against continued prosecution of the dispossessory proceeding, pending the determination of her equitable rights in Fulton superior court. Be this as it may, she did not see fit to defend in Campbell County, but proceeded immediately into the home county of the defendant against whom substantial relief was prayed. She was there without any admission, submission, or waiver so far as

the court of Campbell County is concerned. While the framers of the constitution gave no statement of their reasons for requiring that equitable suits shall be tried in the county where the defendant against whom a substantial relief is prayed resides, it is but fair to assume that they intended that all who came within its provisions should be entitled to its benefits, whether plaintiff or defendant.

Attention is called to the fact that in *Vickers* v. *Robinson,* supra, and in all other decisions in which the principle herein involved is discussed, there is a seeming assumption that "The plaintiff by institution of such suits *submits himself* to the jurisdiction of the courts of that county, and the defendant may institute an equitable suit in that county." We hold, that, before Mrs. Harvey would be deprived of an option of defending in Campbell or suing in Fulton, there must have been at least a waiver of her right, by submission to the jurisdiction of the courts of Campbell County.

The judgment of the trial court sustaining the demurrer and dismissing the petition is hereby found to be erroneous.

*Judgment reversed. All the Justices and Judges concur.*