### Sims v. Etheridge et al.

HINES, J. 1. Where one proceeded by a dispossessóry warrant to eject another from the possession of land as a tenant holding over, and the latter filed an equitable petition in which she alleged that the relation of landlord and tenant had never existed between her and the former, and that by reason of her poverty she was unable to give the bond required under section 5387 of the Code, and alleged facts going to show that she was entitled to certain equitable relief prayed against the former, and prayed for injunction against further proceeding under the warrant, the petition set forth a cause of action, and the court erred in sustaining a general demurrer. *Gilmore* v. *Wells*, 78 *Ga.* 197; *Smith* v. *Wynn*, 111 *Ga.* 884 (36 S. E. 970); *Pope* v. *Thompson*, 157 *Ga.* 891 (122 S. E. 604); *Harvey* v. *Atlanta & Lowry National Bank*, 164 *Ga.* 625 (139 S. E. 147).

2. In considering the sufficiency of the petition on demurrer, extraneous facts can not be considered. It is the office of the demurrer to deal with the sufficiency of allegations actually made in the petition, and beyond this it can not properly go. *Crowley* v. *Calhoun*, 161 *Ga.* 354 (3) (130 S. E. 563). In passing upon the demurrer the court erred in considering the allegation in the cross-petition of one of the defendants, to the effect that the dispossessory warrant sought to be enjoined had been dismissed; and this error would require a reversal of the judgment sustaining the demurrer, unless the power of sale embraced in the security deed executed by petitioner had been properly exercised, and the title of petitioner had been divested by a sale under proper exercise of such power.

3. Under the power of sale in the deed from petitioner, the time, place,

and terms of the sale were to be advertised "in some daily newspaper published in Atlanta, Ga." Petitioner alleges that said advertisement was published in a paper known as "Fulton County Daily Report," and that said paper was not a newspaper, because it does not, and did not at the time of said advertisement, publish general or current news, or news of the day designed to be read by the general public, and said paper was not intended for general circulation, was not adapted to the general reader, was not subscribed for or purchased by the general public, and that only members of the legal profession, some bankers, some real-estate firms, and a few business firms subscribed therefor, and the same was not sold on the streets or at news-stands. *Held:*

(a) The allegations of the petition must be taken most strongly against the pleader; and in the absence of an allegation that the Fulton County Daily Report was not a paper in which legal and other public notices were published, we can not hold that the Fulton County Daily Report was not such a newspaper as falls within the terms of the power of sale in the above deed. The allegation in the petition that this publication is not a newspaper is a mere conclusion of the pleader, there being no facts stated going to sustain the same other than those stated above.

(b) The paper should be a newspaper in the general acceptation of the term, excluding trade journals and papers devoted exclusively to religious or other special purposes; "although such notice may be published in a legal newspaper or journal devoted to the dissemination of legal news, the publication of legal and judicial notices and the like." 41 C. J. 959 [§ 1402] (2) ; Kellogg *v.* Garrico, 47 Mo. 157; Kerr *v.* Hitt, 75 Ill. 51; Fernandez *v.* Drake, 81 Ill. 34; Taylor *v.* Reid, 103 Ill. 349; Prentzel *v.* Squire, 161 Ill. 346 (52 Am. St. R. 373, 43 N. E. 1064) ; Meyer *v.* Opperman, 76 Tex. 105 (13 S. W. 174) ; Lynch *v.* Durfee, 101 Mich. 171 (45 Am. St. R. 404, 24 L. R. A. 793, 59 N. W. 49) ; Hanscom *v.* Myer, 60 Neb. 68 (82 N. W. 114, 48 L. R. A. 409, 83 Am. St. R. 507) ; Turner *v.* Bloomstrom, 62 Neb. 616 (87 N. W. 339) ; Lynn *v.* Allen, 145 Ind. 584 (44 N. E. 646, 57 Am. St. R. 223, 33 L. R. A. 779) ; Hall *v.* Milwaukee, 115 Wis. 479 (91 N. W. 998) ; Puget Sound Pub. Co. *v.* Times Printing Co., 33 Wash. 551 (74 Pac. 802).

(c) At the most, the question whether this publication was a newspaper within the meaning of that term as used in the power of sale was one of fact for the jury, and not one of law for the court under the allegations and lack of allegations contained in the petition.

4 A power of sale in a deed to secure a debt is to be strictly construed and must be fairly exercised. Civil Code (1910), § 4620.

(a) If no attention is called in the advertisement of sale under a power contained in a junior security deed to a senior instrument of that kind, and to the fact that the only title sold is an equity of redemption from the senior security deed, the purchaser can not be compelled to complete his purchase. 41 C. J. 953 [§ 1392] (6) ; Fowle *v.* Merrill, 10 Allen (92 Mass.), 350; Callaghan *v.* O'Brien, 136 Mass. 378. By parity of reasoning, where the holder of the junior security deed, with power of sale, advertises for sale for cash the absolute estate in the land embraced in such deed under such power, without mention of the senior security

deed which secures a much larger indebtedness than that secured by the junior security deed, and sells and conveys the same to a purchaser subject to the senior security deed, such exercise of the power of sale in the junior security deed is not a fair one, and will be set aside at the instance of the debtor, for the reason that purchasers would probably give more for the equity of redemption in the land, if they could buy the same subject to the senior security deed, and not have to pay the full cash value of the land as contemplated by the advertisement.

(b) This is especially so when the petition alleges that the purchaser bought for and in behalf of the grantee in the junior security deed.

5. The grantee in the junior security deed could exercise the power of sale contained therein without paying the debt secured by the senior security deed; and a sale by the grantee in the junior security deed under the power of sale therein contained, after due advertisement and compliance with the other terms of the power of sale, would convey to the purchaser a valid title to the lands subject to the senior security deed. *Williams* v. *Foy Mfg. Co.*, 111 *Ga.* 856 (36 S. E. 927); *Beckcom* v. *Small*, 152 *Ga.* 149 (108 S. E. 542); *Cook* v. *Ga. F. & O. Co.*, 154 *Ga.* 41 (113 S. E. 145); *Chason* v. *O'Neal*, 158 *Ga.* 725, 730 (124 S. E. 519).

6. Applying the principles above ruled, the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, Gilbert, J., specially.*

No. 7248.  November 14, 1929.

*James A. Aldred* and *H. C. Holbrook,* for plaintiff.

*H. A. Etheridge, Ralph H. Pharr, Dorsey & Shelton,* and *Little, Powell, Smith & Goldstein,* for defendants.