McINTYRE *v.* ETHERIDGE *et al.*

No. 7196. JANUARY 16, 1930.

*John W. Bolton* and *Morris Macks,* for plaintiff.
*H. A. Etheridge,* for defendants.

HILL, J. The record in this case discloses that Jack McIntyre bought the property in question—a house and lot, and held it under bond for title from the purchaser. But the evidence shows that McIntyre defaulted in the payment of the purchase-money notes for many months, and agreed to a rescission of the contract of sale and transferred the bond for title to the seller, Etheridge. There is evidence in the record to show that subsequently, or simultaneously, to the cancellation of the contract of sale of the house and lot McIntyre expressly agreed to pay a certain sum per month as rent, or, in default of payment of the rent, to move out and vacate the premises. He failed to pay the rent, or to vacate. The case was tried on affidavits, the substance of which is set out above, except one affidavit of the attorney for McIntyre, who was employed by the latter to go to Etheridge and inform him that McIntyre had decided to give up the place, and asked that he be allowed to remain on the place for a month without payment of rent, at the expiration of which time McIntyre would move out. This was agreed to, but at the expiration of the month McIntyre

refused to move out, and Etheridge sued out a dispossessory warrant, and the warrant was about to be executed by the marshal of the municipal court of Atlanta; whereupon McIntyre brought his petition for injunction to restrain dispossession. At the interlocutory hearing the judge refused an injunction, and ordered the marshal to enforce the warrant. In view of the breach of the agreement, McIntyre's attorney refused to represent him further. One other affidavit of Mrs. Minnie McIntyre was read, in which she deposed that Jack McIntyre had never rented the premises from Etheridge, etc. So, in view of the record, there is no merit in the contention that the relation of landlord and tenant did not exist; and the court did not err in denying an injunction, and in directing the marshal to dispossess McIntyre and put Etheridge in possession of the premises. See *Johnson* v. *Thrower,* 117 *Ga.* 1007 (3) (44 S. E. 846); *Napier* v. *Varner,* 149 *Ga.* 586 (2), 587 (101 S. E. 580). *Judgment affirmed. All the Justices concur.*