CARLTON *v.* HIBERNIA SAVINGS, BUILDING AND LOAN ASSOCIATION.

ATKINSON, Presiding Justice. 1. Under the rulings in *Chason* v. *O'Neal,* 158 *Ga.* 725, 732-733 (124 S. E. 519), and *Williams* v. *Federal Land Bank of Columbia,* 44 *Ga. App.* 606 (162 S. E. 408), and cit., the tenant of a grantor in a security deed becomes the tenant of the purchaser of the property at a sale under power contained in the security deed, and the purchaser is entitled to maintain a statutory eviction proceeding under the Code, § 61-301, against said tenant.

2. Where a summary proceeding is instituted by a landlord against his tenant, under the Code, § 61-301, to evict the tenant for failure "to pay the rent now due on said house and premises, or that said tenant is holding said house and premises over and beyond the term for which the same were rented," the tenant has an adequate remedy under § 61-303, by filing an affidavit denying that the rent is due and giving bond as provided by the statute. The mere fact that owing to his poverty the defendant is unable to give the bond would not afford him ground to go into a court of equity and enjoin the plaintiff from pursuing his summary remedy. *Napier* v. *Varner,* 149 *Ga.* 586 (2) (101 S. E. 579), and cit. See also *Calhoun* v. *Davis,* 163 *Ga.* 760 (137 S. E. 236); *Skinner* v. *Stewart Plumbing Co.,* 166 *Ga.* 800 (3) (144 S. E. 261); *McIntyre* v. *Etheridge,* 169 *Ga.* 719 (151 S. E. 381).

3. The allegations of the petition in the instant case show that the plaintiff is a tenant of the defendant who purchased the property under exercise of the power of sale. The petitioner therefore has an adequate remedy at law by counter-affidavit to the dispossessory proceeding filed by the defendant to oust plaintiff from the possession of the premises. It follows that the court did not err in dismissing the action on general demurrer. *Judgment affirmed. All the Justices concur.*

No. 12046. FEBRUARY 15, 1938.

426

*Lowndes Calhoun,* for plaintiff.   *Clarke & Clarke,* for defendant.