DeFLOREO *v.* TARVIN.

No. 14046.   APRIL 15, 1942.

762

*M. L. Harris* and *Shaw & Shaw,* for plaintiff.

*Rosser & Rosser* and *Wright & Willingham,* for defendant.

REID, Chief Justice.   A tenant has an adequate remedy at law by which he may resist or contest a dispossessory-warrant proceeding (Code, § 61-303), and equity will not interfere with such regular process.  *Johnson* v. *Thrower,* 117 *Ga.* 1007 (44 S. E. 846); *Napier* v. *Varner,* 149 *Ga.* 586 (101 S. E. 580).  But if the primary purpose of a petition in equity is to obtain specific performance of a contract of purchase, equity will entertain the petition, and pending its determination may properly stay the dispossessory proceedings.  In *Harvey* v. *Atlanta & Lowry National Bank,* 164 *Ga.* 625 (2) (139 S. E. 147), this court held: "When an alleged landlord sued out a statutory proceeding to eject an alleged tenant for non-payment of rent, the latter could file her suit in equity against the alleged landlord to enjoin the dispossessory proceeding, where she denied that the relation of landlord and tenant existed between her and the plaintiff in such proceeding, but alleged that she held under such plaintiff under a contract of sale, and in the same suit, in a proper case, could seek specific performance, by

the plaintiff in such proceeding, of the contract of sale, without being required to file a counter-affidavit to such proceeding and to give the bond required by the statute to arrest such proceeding, and without being required to file her suit for such equitable relief in the county where such proceeding was instituted." In *Hays* v. *Clay*, 124 *Ga.* 908 (53 S. E. 399), the situation of the parties was much the same as in the instant case, and it was there held that the petition was properly dismissed. Examination of the record in that case shows that the trial judge based his ruling upon his view that the petition showed the plaintiff to be a tenant. It did appear that she had been paying rent. She protested that she had been forced to pay rent in fear of eviction, and in her suit claimed that such rental payments should be treated as part payment of the indebtedness. She claimed that all such indebtedness against the property had been thereby discharged. The opinion in that case does not disclose that she sought any relief in respect to the premises except injunction against eviction, but examination of the pleadings shows that she went somewhat further and sought a decree for an interest in the land. So, considering this latter character of the case in addition to the other elements appearing in the opinion, it is difficult to distinguish it in principle from the one now under consideration. But both in the *Harvey* case and in the *Hays* case, supra, the court was undertaking to apply the same rule of law. The decision in the *Hays* case was not by the entire bench, Atkinson, J., not presiding. The *Harvey* case was concurred in by all the Justices, as were others now to be cited; and we think they require the conclusion that the petition in the instant case was good as against the motion to dismiss. It is to be remembered that there was no demurrer pointing out any failure to plead more specifically, and all the allegations including the looser ones are to be taken as true as against the motion to dismiss.

In *Patterson* v. *Barron*, 177 *Ga.* 159 (169 S. E. 899), the plaintiff sought to protect and have decreed an equitable interest in land and relief against ouster. The court said: "In a suit to enjoin the eviction of the plaintiff under a dispossessory warrant, where the petition not only shows that the plaintiff is not a tenant as claimed in the dispossessory warrant, but alleges facts from which it appears that the plaintiff, as against the defendant, is the equitable owner of an undivided interest in the property, and contains prayers ap-

propriate to the protection of such interest by a court of equity, the petition is not subject to demurrer upon the ground that it fails to state a cause of action, or upon the ground that the plaintiff has a complete and adequate remedy at law. Civil Code (1910), §§ 3739 (1), 4634; *Smith* v. *Wynn,* 111 *Ga.* 884 (36 S. E. 970); *Pope* v. *Thompson,* 157 *Ga.* 891 (122 S. E. 604); *Harvey* v. *Atlanta & Lowry National Bank,* 164 *Ga.* 625 (2) (139 S. E. 147); *Sims* v. *Etheridge,* 169 *Ga.* 400 (2) (150 S. E. 647)." In *McIntyre* v. *Etheridge,* 169 *Ga.* 719 (151 S. E. 381), a somewhat similar case, it was held that injunction was properly denied; but it there appeared that the person not only had surrendered his bond for title but had agreed to a recission of the contract of purchase. In that situation the court concluded that the relation of landlord and tenant existed. In the instant case it is alleged that upon surrender of the bond for title it was expressly agreed that the seller would still convey the property by warranty deed when the balance of the purchase-price was paid. Aside from the written contract evidenced by the bond for title and the purchase-money notes, the plaintiff by his allegations showed that he assumed and remained in possession under contract of purchase, and had paid part of the purchase-price, and had made valuable improvements. See, in this connection, *White* v. *Mitchell,* 69 *Ga.* 759; *Vickers* v. *Robinson,* 157 *Ga.* 731 (6), 732 (122 S. E. 405). The purchaser also at the time paid an additional $250 toward the purchase-price. Neither in the *Harvey* case nor in the *Patterson* case nor in those cited therein was the petition entertained on the idea of fraud, but on the idea of securing either specific performance or some other equitable relief to which the injunction against eviction was incidental.    *Judgment reversed.   All the Justices concur.*