FLYNN *et al.* v. MERCK *et al.*

No. 16357.  OCTOBER 13, 1948.

*Thomas E. McLemore,* for plaintiffs in error.

*Kelley, Zellars & Foster, W. S. Northcutt, Durwood T. Pye,* and *E. A. Wright,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ Our Code, Chapter 61-3, prescribes the procedure at law for dispossessing a tenant, and § 61-303 affords one who has been proceeded against by dispossessory warrant a full and adequate legal remedy. It is there provided that the tenant may arrest such dispossessory proceedings by declaring on oath that his lease or term has not expired, that he is not holding over, or that the rent is not due or "that he does not hold the premises, either by lease, or rent, or at will, or by sufferance, or otherwise from the person who made the affidavit on which the warrant issued, or from anyone under whom he claims the premises, or from anyone claiming the premises under him: Provided, such tenant shall at the same time tender a bond with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case." The Code, § 61-305, provides that, in the event the issue thus made between the landlord and the tenant is determined against the tenant, the landlord shall have judgment for double the amount of rent agreed upon or the amount which the premises are shown to be worth. In view of some of the decisions which we shall later mention in this opinion, we would emphasize that § 61-303 affords a remedy to one against whom dispossessory proceedings are brought, although such party is not the tenant and denies that there exists a relationship of landlord and tenant. It is also well at this point to observe that the statutory procedure clearly intends that the landlord be protected against ill-founded claims of a tenant, in that, as a condition precedent to resisting the dispossessory proceedings, the tenant not only is required to give bond to insure the payment of the actual rent, but he and his bondsmen are obligated and required to pay double rent in the event his defense is adjudicated to be without merit. In *Napier* v. *Varner,* 149 *Ga.* 586 (101 S. E. 580), this court held that the provision of § 61-303 afforded an adequate remedy at law to the tenant, and that the inability of the tenant to give bond would not afford sufficient ground for going into equity and enjoining the dispossessory proceedings. The same principle was declared

by this court in *Carlton* v. *Hibernia Savings &c. Assn.*, 185 *Ga.* 425 (2) (195 S. E. 764), and *Morrison* v. *Roberts*, 195 *Ga.* 45 (4) (23 S. E. 2d, 164). See also *DeFloreo* v. *Tarvin*, 193 *Ga.* 760 (20 S. E. 2d, 29). Looking to the statute and to the decisions of this court just cited, it would seem that there is little excuse for uncertainty, and the doubt which now exists as to whether or not dispossessory proceedings in conformity with the statute without more could ever be enjoined in a court of equity. But a number of decisions of this court arrived at by a consideration of the peculiar facts in each individual case might at first seem to be in conflict with those decisions above cited. Suits in equity to enjoin dispossessory proceedings were upheld in *Gilmore* v. *Wells*, 78 *Ga.* 197; *Smith* v. *Wynn*, 111 *Ga.* 884 (36 S. E. 970); *Pope* v. *Thompson*, 157 *Ga.* 891 (122 S. E. 604); *Harvey* v. *Atlanta & Lowry National Bank*, 164 *Ga.* 625 (139 S. E. 147); *Sims* v. *Etheridge*, 169 *Ga.* 400 (1) (150 S. E. 647). In each of those cases, however, the record shows that there were other equitable matters involved aside from the mere desire to enjoin the dispossessory proceedings. Undoubtedly where grounds are alleged to authorize the grant of a prayer for cancellation or decree of title or other equitable relief, a petition will not be dismissed on demurrer because it also seeks to enjoin prosecution of a dispossessory warrant. We think it can be held on sound legal principles that the statute provides a complete and adequate remedy against dispossessory proceedings, and that inability of a tenant because of poverty to give the required bond affords no ground for equitable interference.

■ We first observe that the present petition seeks no relief against the plaintiff in the dispossessory proceedings except injunction. There is no prayer for specific performance, cancellation, or decree of title. The attempt to set out a contract is too indefinite to constitute an enforceable contract. If the petitioner is, as shown by the petition, unable to say whether the terms of the contract provide that the petitioner shall have an interest in the premises conveyed by deed or devised by will, then no court can say. If the petitioner is unable to allege whether his possession and the services to be rendered by him should continue until the owner sold the premises or until the owner's death, no court could render judgment fixing that time. As pleaded, the

entire claim, based upon the alleged agreement, which is void for indefiniteness, would constitute no defense to the dispossessory proceedings. Therefore, it must be held as to the defendant Flynn and the marshal and his deputies that the court erred in overruling the general demurrer for the reasons, (1) that an adequate remedy at law was available, and (2) that no ground for equitable relief is alleged. The allegations with reference to the other defendants are insufficient to sustain the petition against the demurrer, because no facts are alleged to show injury or threat of injury. The allegations amount to no more than a mere apprehension. In addition to this, there is no allegation of insolvency, and it must be assumed that, if any injury is sustained, compensation therefor as damages in a suit at law would be an adequate remedy. For all of the foregoing reasons, the trial court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*