WRIGHT *v.* ROSEMAN, executor; *et vice versa.*

Nos. 17882, 17886. SUBMITTED MAY 13, 1952—DECIDED JUNE 10, 1952.

180

*Mildred L. Kingloff* and *Frank A. Bowers,* for plaintiff in error.

*Winfield P. Jones* and *Wm. Schley Howard Jr.,* contra.

CANDLER, Justice. (After stating the foregoing facts.)  ■ The court properly overruled the general demurrer to the amended petition.  In a suit to enjoin the eviction of the plaintiff under a dispossessory warrant, where the petition, as here, not only shows that the plaintiff is not a tenant as claimed in the dis-

possessory warrant, but alleges facts from which it appears that the plaintiff, as against the defendant, is the equitable owner of the premises involved, and contains prayers appropriate to the protection of such interest by a court of equity, the petition is not subject to demurrer on the ground that it fails to state a cause of action, or upon the ground that the plaintiff has a complete and adequate remedy at law. Code, §§ 108-106 (1), 37-802; *Gilmore* v. *Wells*, 78 *Ga.* 197; *Smith* v. *Wynn*, 111 *Ga.* 884 (36 S. E. 970); *Brown* v. *Watson*, 115 *Ga.* 592 (41 S. E. 998); *Pope* v. *Thompson*, 157 *Ga.* 891 (122 S. E. 604); *Harvey* v. *Atlanta & Lowry National Bank*, 164 *Ga.* 625 (2) (139 S. E. 147); *Sims* v. *Etheridge*, 169 *Ga.* 400 (2) (150 S. E. 647); *De-Floreo* v. *Tarvin*, 193 *Ga.* 760 (20 S. E. 2d, 29).

■ Paragraph 7 of the petition as amended alleges that the plaintiff performed her contract with George Roseman according to its terms and conditions. She cooked for him, washed and ironed his clothing, kept his house clean, made up his bed, and attended to his every need. The defendant demurred specially and moved to strike this paragraph on the ground that the allegations contained therein are immaterial, irrelevant, and incompetent to bind the defendant, and on the further ground that, "it appearing from said petition that during said time she was married to defendant, decedent's son, and performing the alleged chores for him as his agent for his father, said decedent, the defendant looking after his father by virtue of his filial duty and affection for him, said allegations are immaterial, irrelevant, and incompetent to bind defendant." In support of this, it is argued that Claude Roseman, as the husband of the plaintiff, was entitled to her services, and that the purported contract between the plaintiff and the deceased was, therefore, without consideration. In view of the act of the General Assembly of Georgia approved March 4, 1943 (Ga. L. 1943, p. 316; Code, Ann. Supp., § 53-512), there is no merit in this.

■ Paragraph 14 of the petition alleges that the plaintiff is, under the pleaded facts, entitled to have a court of equity decree that she has a life estate in the realty involved, or an equitable right to its use during her natural life. Paragraph 17 alleges that the plaintiff is without a plain, complete, and adequate remedy at law. And paragraph 19 alleges that the relationship

of landlord and tenant has never existed between the plaintiff and George Roseman, the defendant's testate. The defendant demurred specially and moved to strike these allegations of the petition on the ground that they are conclusions of the pleader, without facts to substantiate them. There is no merit in this. The allegations complained of, when considered in connection with the petition as a whole, are found to be free of the criticism lodged against them. See, in this connection, *Western & Atlantic R. Co.* v. *Roberts*, 144 *Ga.* 250 (1) (86 S. E. 933).

■ Paragraph 16 of the petition alleges that the Civil Court of Fulton County, where said dispossessory warrant is pending, is without equitable jurisdiction, and therefore cannot grant the equitable relief sought by the plaintiff. To this allegation the defendant demurred specially and moved to strike the same on the ground that the petition as a whole showed no cause for equitable relief and no reason why the plaintiff, either as a tenant at will or by sufferance, could not set up her defense in the pending dispossessory proceeding; hence the allegation was immaterial, irrelevant, and incompetent to bind the defendant. The attack as thus made upon this allegation of the petition is not good; consequently, the judgment overruling this ground of the general demurrer is not erroneous, as contended.

■ Under the Code, § 110-310, "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." As remarked by Justice Bleckley, nonsuit is purely a mechanical process by which the plaintiff's case is "chopped off." *Vickers* v. *Atlanta & West Point R. Co.*, 64 *Ga.* 306. The trial judge always awards a nonsuit at his peril; for if the facts proved would, by any reasonable inference, support a finding in favor of the plaintiff, it is error to deprive him of his right to have the jury, instead of the court, sum up the facts of the case and mould their conclusion into a verdict. *Bryan* v. *Walton*, 20 *Ga.* 480 (5); *Dyson* v. *Beckam*, 35 *Ga.* 132; *Gilbert* v. *Dent*, 46 *Ga.* 238; *Elrod* v. *McConnell*, 170 *Ga.* 892 (1) (154 S. E. 449); *Gattis* v. *Louisville & Nashville R. Co.*, 182 *Ga.* 686 (186 S. E. 730). "A nonsuit is a matter of

strict law, and when a motion to nonsuit is made, there is no discretion on the part of the court, and if there be any evidence whatever to sustain the action, it must go to the jury; but on a motion for a new trial, the court will look to all the evidence, and weigh and consider it particularly, and may exercise his discretion in granting or refusing a new trial; and in many cases a new trial should be granted where a motion to nonsuit would be properly overruled." *East & West R. Co. of Ala.* v. *Sims,* 80 *Ga.* 807, 809 (2) (6 S. E. 595). A motion to nonsuit is in the nature of a general demurrer to the evidence, and does not go to any defect in the pleadings, the only question being whether the evidence proves the case as laid. *Reeves* v. *Jackson,* 113 *Ga.* 182 (38 S. E. 314); *Kelly* v. *Strouse,* 116 *Ga.* 872 (4) (43 S. E. 280). And in passing upon the question as to whether or not the trial judge rightly awarded a nonsuit, this court will construe the evidence, and take that view of it most strongly in favor of the plaintiff. *National Land & Coal Co.* v. *Zugar,* 171 *Ga.* 228 (2) (155 S. E. 7); *Burton* v. *Hart,* 206 *Ga.* 87, 90 (55 S. E. 2d, 594), and citations. Measured by these principles of law, we are constrained to hold that the evidence in this case, as it is reported in our statement of the facts, was sufficient to make out a prima facie case in favor of the plaintiff; that being so, it was error, as contended, for the trial judge to award a nonsuit.

A motion has been made in this court to dismiss the writ of error on the ground that the judge's certificate to the bill of exceptions does not state that it contains or specifies all of the evidence material and necessary to a clear understanding and consideration of the ruling upon which error is assigned, namely, the order granting a nonsuit. The motion is not meritorious. It has been a settled rule of practice in this State for a long time that in cases like the one at bar the evidence must be brought up in the bill of exceptions, or attached thereto as an exhibit, duly and properly identified by the trial judge, or be embodied in an approved brief of the evidence and brought up as a part of the record. See *Attaway* v. *Duncan,* 206 *Ga.* 230, 232 (56 S. E. 2d, 269), and the cases there cited. In this case, the record shows that a brief of the evidence was timely prepared; that counsel for both parties agreed to its correctness; that it was approved

by the trial judge as a true and correct brief of the evidence, and by him ordered filed as such; and that it was duly filed as a part of the record by the clerk of the trial court. The bill of exceptions specifies, as material to a clear understanding of the error complained of, the following portions of the record, to wit: . . "(4). The brief of the evidence and the order approving the same." The judge's certificate to the bill of exceptions is in part as follows: "I·do certify that the foregoing bill of exceptions is true and that the same specifies all of the record material to a clear understanding of the errors complained of." In his certificate, the judge directed the clerk of the trial court to make out, certify, and transmit to this court a true and complete copy of such portions of the record as were specified in the bill of exceptions, and the direction as given by him has been fully complied with. Consequently, the evidence adduced on the trial has reached this court in one of the ways prescribed by our rules of practice, and the motion to dismiss the writ of error must be and is denied.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill of exceptions. All the Justices concur, except Atkinson, P.J., not participating.*