### 1453.  ANDERSON *v.* PETEET, for use, etc.

Where at the end of a note are the words "Witness —— hand and seal," followed by the signature of the maker, with the word "seal" in brackets annexed to the signature, this is equivalent to the words "witness *my* hand and seal," or "signed and sealed," and the note is an instrument under seal, according to the Civil Code, § 3765.  The omission of the pronoun "my" from the words "witness —— hand and seal" is without significance, and will be supplied by construction.

Certiorari, from Morgan superior court—Judge Lewis. September 10, 1908.

Submitted December 10, 1908.—Decided April 15, 1909.

*M. C. Few,* for plaintiff in error.

*Percy Middlebrooks,* contra.

HILL, C. J. This was a suit .on a promissory note, in a justice's court. A plea of the statute of limitations was filed by the maker. The justice, on inspection of the note sued upon, held that it was not an instrument under seal; and as the suit was filed more than six years after the date of maturity of the note, he sustained the plea. This judgment was reversed on certiorari, the judge of the superior court holding that the note was an instrument under seal, and that the statute of limitations on specialties or instruments under seal was applicable. The defendant in the suit excepts. It will thus be seen that the only question in the case is as to whether the note was an instrument under seal. The note is dated January 17, 1895, and due eight months after date. It is in the usual form of a promissory note, and concludes as follows: "Witness——— hand and seal. J. C. Anderson (Seal). ———————————— (L. S.)."

It is contended by the plaintiff in error, the maker of the note, that the omission of the pronoun "my" between the word "witness" and the word "hand" proves that the intention of the maker was to make the instrument a simple promissory note not under seal; and it was contended by the defendant in error, the payee in the note, that the omission of the pronoun "my" was only a clerical oversight, and that the words "witness——— hand and seal," followed by the signature of the maker, with the word "seal" in brackets appended to the signature, clearly make the note an instrument under seal.

A statute of this State (Civil Code, § 3765) expressly declares that "no instrument shall be considered under seal unless so recited in the body of the instrument;" and, construing this section, the Supreme Court has held, in several cases, that to constitute an instrument under seal, there must be the recital of that fact in some form in the body of the note, as well as the word "seal," or "L. S.," at the end of the signature of the maker; in other words, that neither the recital in the body of the instrument that the same is a sealed instrument, nor the mere addition

of a seal of any character after the signature of the maker, is sufficient to render a promissory note a sealed instrument, but both the recital and the seal annexed to the signature must appear. *Jackson* v. *Augusta Southern Ry. Co.*, 125 *Ga.* 801 (54 S. E. 697); *Chambers* v. *Kingsberry*, 68 *Ga.* 828; *Stansell* v. *Corley*, 81 *Ga.* 453 (8 S. E. 868); *Ridley* v. *Hightower*, 112 *Ga.* 479 (37 S. E. 733); *Echols* v. *Phillips*, 112 *Ga.* 700 (37 S. E. 977). In *Humphries* v. *Nix*, 77 *Ga.* 98, it is held that, "where, at the end of a note were the words, 'Signed and sealed,' followed by the signature of the maker and a scroll for a seal, with the letters 'L. S.' written across it, this was equivalent to the words, 'witness my hand and seal' followed in the same way, and the paper was a sealed instrument under . . the code."

We do not think that there can be any doubt that the note in question is an instrument under seal. The omission of the pronoun "my" after the word "witness" and before the word "hand," so as to make the entire sentence read "witness my hand and seal," is a palpable inadvertence, and the pronoun "my" can be supplied by construction. The original note is on a printed form, and the space for the pronoun is left blank for the contingency of single or joint obligors. The pronoun in the blank space would have given to the sentence grammatical accuracy, but its omission in no wise detracts from the legal significance of. the words "witness —— hand and seal," appearing in the body of the note and followed by the signature of the maker, with the additional word "seal" in brackets appended to the signature. In construing an instrument, the courts will give to the words used their usual and ordinary significance, without reference to grammatical construction. This is the conclusion from an examination of the note itself. If this conclusion needs any argumentative support, it may be found in the suggestion that if the maker of the note had not intended it to be under seal, he would not have omitted the insignificant pronoun "my," when considered with the context of the execution of the instrument, but, by striking therefrom the words "witness hand and seal," and the word "seal," following his signature, would have left no room for construction. The only question in the case being one of law, which must finally control, we affirm the judgment, with direction that the superior

court enter a judgment on the certiorari, in favor of the plaintiff, for the amount of the note, principal, interest, and costs.

*Judgment affirmed, with direction.*