## 24082.   CROSBY *v.* BURKHALTER *et al.*

STEPHENS, J.   1. A written contract which recites in the body thereof that it is executed under seal, and the word "seal" or the letters "L.S." appear after the signature of the party executing it, is a contract under seal, and a right of action thereupon is not barred after the expiration of six years from the date of its accrual, but suit may be brought thereon against the maker within twenty years after the accrual of a right of action upon the contract.   Civil Code (1910), § 4359; *Willhelms* v. *Partoine,* 72 *Ga.* 898; *Brooks* v. *Kiser,* 69 *Ga.* 762; *Humphries* v. *Nix,* 77 *Ga.* 98; *Barnes* v. *Walker,* 115 *Ga.* 108 (41 S. E. 243).

2. A recital in a note, as follows: "Witness my hand and seal," is a recital that it is executed under the seal of the person whose name is subscribed thereto as the maker.

3. A recital in a note that it is "given under the hand and seal of each party" is a recital that it is executed under seal of the party subscribing his name thereto as the maker.

4. Where the note sued on matured either October 15, 1924, or November 15, 1924, and, under an application of the above rulings, constituted an instrument executed under seal, a suit thereon which was filed December 17, 1932, was filed within twenty years of the date of the accrual of a right of action upon the note, and is not barred by the statute of limitations.   The court did not err in overruling the defendant's demurrer, and motion to dismiss, each of which was based upon the ground that it appeared that the suit, which was not brought within a period of six years from the date of the accrual of the right of action, was barred by the statute of limitations.

5. The record as presented to this court clearly indicates that the note sued on, as it appears from the copy attached to the original suit, contained in the body of the instrument the expression "Witness my hand and seal," and the record does not indicate, as contended by the defendant as the plaintiff in error, that this recital was not in the body of the note but was on the face of the note above the blank space provided for the signatures of witnesses to the execution of the note.   Irrespective, however, of whether the note as originally sued on and as attached to the summons appeared upon its face to be an instrument executed not under seal, as contended by the plaintiff in error, the amendment to the plaintiff's suit, allowed without objection, which contained an amendment to the copy of the note sued on, shows that the note sued on contains in the body thereof the expression that it was "given under the hand and seal of each party," and there appears, after the name of the defendant, whose signature appeared thereto as the

maker of the note, the expression "L.S." It appears therefore, from the plaintiff's suit, as amended without objection, that the note sued on was a sealed instrument, and the suit is not barred by the statute of limitations.

6. The verdict and judgment found for the plaintiff were authorized, and there is no merit in the contention of the defendant that a verdict for the defendant was demanded upon the ground that the note sued on was barred by the statute of limitations.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 18, 1935.

*I. J. Bussell,* for plaintiff in error.   *H. L. Williams,* contra.