POWELL *v.* GRESHAM *et al.*

No. 10580. APRIL 11, 1935.

*M. B. Eubanks,* for plaintiff.

*Maddox, Matthews & Owens,* for defendants.

BECK, Presiding Justice. Powell filed his petition to enjoin Gresham and Duncan from enforcing a warrant to evict him. He alleged that Gresham had purchased his part of the crop and had obtained a loan, of which the plaintiff was to have a part, and that when this loan was obtained Gresham retained the whole of it, not paying over to plaintiff the part he was to have. He alleged certain acts of fraud on Gresham's part; and further, that Gresham undertook to purchase plaintiff's crop for $75 on certain terms, and after-

wards violated this contract and "worked off on plaintiff three hogs which were mortgaged to the Government." He alleged that he did not owe any rent, but on the contrary Gresham owed him. And it is insisted that because of the fraud practiced upon him he is entitled to an injunction, and to a judgment against Gresham for $34. Gresham filed general and special demurrers, which the court sustained, and dismissed the action.

There is nothing in the facts to take this case out of the rule stated in *Johnson* v. *Thrower,* 117 *Ga.* 1007 (44 S. E. 846), where it was said: "In a case where the undisputed evidence shows that the relation of landlord and tenant exists between the parties, the execution of a warrant to dispossess the tenant will not be enjoined by a court of equity; the remedy of the tenant, if he has any defense, being to file the counter-affidavit provided for by the statute; and this is so though the tenant, on account of poverty, may be unable to give the bond and security required as a condition precedent to the filing of such counter-affidavit." See also, where a similar question has been ruled on: *Brown* v. *Watson,* 115 *Ga.* 592 (41 S. E. 998); *Napier* v. *Varner,* 149 *Ga.* 586 (101 S. E. 580). Applying the rulings in those cases, the judge did not err in sustaining the general demurrer and in dismissing the case.

*Judgment affirmed. All the Justices concur.*