26811. SCOTT, executor, *v.* GAULDING *et al.*

DECIDED JUNE 21, 1939. REHEARING DENIED JULY 8, 1939.

*Shackelford & Shackelford, Miller & Lowrey,* for plaintiff in error.

*Rupert A. Brown, Clara E. Smith,* contra.

STEPHENS, P. J. This is a suit on a note, by Mrs. M. E. Gaulding against W. E. Hopkins as administrator of the estate of R. W. Holman, and W. W. Scott as executor of the will of W. S. Holman, and against Scott individually. The note is dated December 31, 1920, and is payable to Mrs. M. E. Gaulding or order, in the sum of $2000 with interest from date at eight per cent. and costs of collection including ten per cent. attorney's fees, and is due twelve months after date. The note in its body contains a recital as follows: "Witness my hand and seal the day and year above written" and is signed by R. W. Holman and W. S. Holman, ostensibly as makers, with the word "seal" after each signature. The note is indorsed, "W. W. Scott," with no indication that W. W. Scott, who apparently signed as indorser or surety, executed the note under seal.

W. W. Scott as executor of W. S. Holman, in his plea and answer as amended, alleged that the entire consideration of the note went to R. W. Holman, and that while W. S. Holman signed the note ostensibly as a principal and under seal, he signed it two years after it had been executed, and did not intend to sign it under seal; that there was no consideration to him or to R. W. Holman,

the original promisor; and that his undertaking so made was nudum pactum and void. Scott as executor further pleaded that W. S. Holman, and W. W. Scott in his individual capacity, each signed the note sued on as surety only, that the plaintiff had failed to bring suit on the note against Scott before the expiration of six years from the date of the maturity of the note, that the plaintiff's right to bring suit against Scott individually was barred after the expiration of six years from the date of its maturity, and that the failure of the plaintiff to bring suit against Scott as surety on the note before the expiration of the period of the statute of limitations, which was six years, was an act which increased the risk of W. S. Holman, the cosurety, and therefore operated as a release of Holman, as surety, from liability on the note. Scott as executor of W. S. Holman further pleaded that the plaintiff's right of action against W. S. Holman, on the note, which was not sued on until June 14, 1937, more than six years after the maturity of the note, January 31, 1921, although the suit was brought within twenty years from that date, was barred by the statute of limitations. The court overruled the plaintiff's demurrer to the plea that the obligation of W. S. Holman was nudum pactum, but sustained the plaintiff's demurrer to the plea setting up a release of W. S. Holman as surety on the ground that the plaintiff had failed to bring suit against Scott, the cosurety, before the expiration of the period of the statute of limitations; and also sustained the demurrer to the plea that the suit against Scott as executor of W. S. Holman was barred by the statute of limitations, in that it was not brought within six years from the date of the maturity of the note. The plaintiff, by exceptions pendente lite, and in the bill of exceptions brought to this court, excepted to the judgment sustaining the demurrers to the plea of release of W. S. Holman as surety, and to the plea setting up his non-liability by virtue of the statute of limitations.

The Alliance Corporation of Macon, Georgia, was vouched into court by Scott as executor of W. S. Holman, on the ground that the vouching defendant had a remedy over against it. The Alliance Corporation by intervention set up virtually the same defense which had been set up by Scott as executor of W. S. Holman, some of which was stricken on demurrer. The trial resulted in a verdict in favor of the plaintiff against Scott as executor of W. S. Holman, and against W. E. Hopkins as administrator of R. W.

Holman, and in a verdict in favor of Scott individually. No verdict or judgment was rendered respecting the Alliance Corporation. The case as against Scott as executor of W. S. Holman was tried solely on the issue formed by this defendant's plea of suretyship of W. S. Holman, and the plea that W. S. Holman had signed the note as surety two years after the date of its execution, and that his undertaking was without consideration, was nudum pactum, and constituted no binding obligation against him.

Mrs. Margaret Holman, the widow of R. W. Holman, testified that she saw W. S. Holman sign the note; that he did not sign it at the time R. W. Holman signed it, but signed it about two years afterwards; that R. W. Holman, before W. S. Holman signed the note, received the $2000 that the note called for, and used the money on his farm; that W. S. Holman did not get any part of the proceeds of that note, and did not receive any consideration for signing it. W. S. Eberhard testified that he was a brother of the plaintiff, Mrs. Gaulding, the payee of the note, that he knew of his own knowledge that W. S. Holman and W. W. Scott signed the note before the loan was completed; that their signatures were on the note before Mrs. Gaulding made the loan; that Mrs. Gaulding, as the payee, sent him the check which was made out to R. W. Holman; that witness delivered the check to R. W. Holman; that R. W. Holman brought the note to the witness, and the note at the time was signed by both W. S. Holman and W. W. Scott; and that W. S. Holman brought to the witness the note signed by both W. W. Scott and W. S. Holman before R. W. Holman got the money. on the note. The defendant admitted the receipt of notice for attorney's fees, as contracted for in the note. On October 18, 1937, the jury returned a verdict for the plaintiff in the full amount sued for, together with amounts as interest and attorney's fees. There appears in the record sent to this court (although no reference thereto is in the pleading or in the brief of evidence) a copy of a notice given on October 5, 1937, to W. W. Scott as executor of W. S. Holman and to W. E. Hopkins as administrator of R. W. Holman, notifying the latter that the case would be heard on October 18, 1937, and that W. W. Scott as executor of W. S. Holman had filed a plea of suretyship on behalf of the estate, claiming that the note was due by R. W. Holman and had been signed by W. S. Holman as surety, a copy of the note

being set out, and that notice was given in accordance with the Civil Code (1910) § 3556 (1933, § 103-306). The giving of such notice is recited in the bill of exceptions.

■ After the rendition of the verdict a motion for new trial was made, in which appeared no name of the movant but only a blank space, signed by Shackelford & Shackelford "Attorneys for Movant, W. W. Scott, Exr. W. S. Holman," and by Miller & Lowrey, "Attys. for Movant, Alliance Corporation." A rule nisi was issued on this motion. Afterwards, and in due time, there was filed by W. W. Scott, in his capacity as executor of W. S. Holman, an amendment to the motion for new trial, in which it was recited that the "movant amends his original motion for new trial by adding thereto the following grounds, to wit." This motion contained various grounds. It was duly allowed and ordered filed, and the grounds of the motion were approved on November 27, 1937. On November 29, 1937, the court passed an order reciting that, after due consideration of both the original and the amended motion, the motion for new trial was overruled on each and every ground as set out in the original and amended motion, and that a new trial was denied. To this order W. W. Scott as executor of W. S. Holman excepted. It nowhere appears from the record that any objection was made, on the hearing, that the original motion was invalid in that it did not appear who was the movant. It is insisted by counsel for Mrs. Gaulding that, because no movant was named in the original motion for new trial, the motion was a nullity, that for this reason nothing is presented for this court's consideration, and that the writ of error should be dismissed. There is no merit in this contention. The original motion for new trial, which contained no name of the movant, but which was signed by the attorneys for W. W. Scott as executor of the estate of W. S. Holman, and by the attorneys for the Alliance Corporation, and upon which the judge issued a rule nisi, must have been a motion either of W. W. Scott, executor, etc., and of the Alliance Corporation, or either one of those parties. Whether a motion thus made could be regarded as a nullity by reason of misjoinder of two movants, this motion could hardly be regarded as one having two movants, since only one of the parties represented by the attorneys signing the motion, namely W. W. Scott, executor, was a party to the judgment which had been rendered. The other party, the

Alliance Corporation, was not a party to the judgment. Therefore the motion, properly construed, was not a motion to which the Alliance Corporation was a party, but, when made by the attorneys for W. W. Scott, executor, in their capacity as such, was a motion made solely in behalf of W. W. Scott, executor. The judge who passed on the motion, since he allowed an amendment to be filed by W. W. Scott as movant, must have construed the original motion as one made by W. W. Scott, executor.

By an act approved August 21, 1911 (Ga. L. 1911, pp. 149, 150, sec. 3; Code, § 6-805), it was enacted that "Where the judge [meaning the judge of the superior court] has finally passed on the merits of a motion for a new trial, and the parties have raised no question as to the . . jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." It not appearing that any question as to the validity of the motion for new trial, or the amendment thereto, which latter was clearly made by W. W. Scott, executor, was raised or insisted on before the judge who passed on the motion and construed it as a valid motion made by W. W. Scott, executor, no question as to this motion's invalidity can be raised for the first time in the Court of Appeals. There is therefore presented to this court, by the bill of exceptions and the record, a valid motion for new trial. There is presented for this court's consideration the assignments of error on the judgment sustaining the plaintiff's demurrers to the defendant's plea of release as surety, the plea of the statute of limitations, and the judgment overruling the defendant's motion for new trial.

■ The assignment of error on the judgment sustaining the plaintiff's demurrer to the defendant's plea of release as surety, by reason of the failure of the plaintiff to bring suit against the alleged cosurety within the period of the statute of limitations applicable to the cosurety, is disposed of adversely to the defendant by the decision of the Supreme Court in answer to a certified question in this case, wherein it was held: "The mere failure of the payee of a note, who is the holder thereof, to institute suit to recover on the note against one of the sureties thereon, before the expiration of the period of limitation in which suit must be

brought against this surety, does not amount to a release by the payee of the obligation to him of a cosurety on the note whose obligation is not barred by the statute of limitations, although the payee's act in refraining from instituting the suit as indicated was not procured by or consented or agreed to by the latter surety." *Scott* v. *Gaulding,* 187 *Ga.* 751 (2 S. E. 2d, 69). The court did not err in sustaining the demurrer to this plea.

■ The defendant Scott, as executor of the will of W. S. Holman, in his plea of the statute of limitations, alleged that the suit was barred as against W. S. Holman, in that suit was not instituted within six years of the accrual of W. S. Holman's obligation on the note. It is alleged that the obligation was not executed under seal by W. S. Holman, that he signed the note as surety only, and in so doing "inadvertently signed underneath the signature" of R. W. Holman, and that it was not the intention of W. S. Holman to become a principal, or to sign as such, "or to sign under seal." It appears from the copy of the note sued on, as alleged in the petition, that it is recited in the body of the note that "I" promise to pay, etc., and "witness my hand and seal," and that the note is signed on its face ostensibly as maker by "R. W. Holman (Seal)," followed by the signature "W. S. Holman (Seal)." This note, whether it was executed by W. S. Holman as principal, or was in fact executed by him as a surety, although ostensibly as a principal, was executed by him under seal. It does not appear from the plea that W. S. Holman could not read, and it does not appear that any fraud was perpetrated on him in obtaining his signature to the note. It does not appear that he signed the note through any accident or mistake. It appears that he signed the note on its face. He is therefore bound by the terms of the note, whether he signed it as principal or as surety. Although the note contains a promise to pay in the singular number, it is not necessarily for this reason the obligation of only one person. "The singular or plural number shall each include the other, unless expressly excluded." Code, § 102-102 (4). Where such note is signed by two persons it is the obligation of both. *Johnson* v. *Georgia Fertilizer & Oil Co.,* 21 *Ga. App.* 530 (94 S. E. 850). The recital in a note, "witness my hand and seal," is a recital that it is executed under seal by the person whose name is subscribed thereto, either actually or ostensibly as the maker, where a seal appears

after his signature. *Anderson* v. *Peteet,* 6 *Ga. App.* 69 (64 S. E. 284); *Crosby* v. *Burkhalter,* 50 *Ga. App.* 610 (179 S. E. 180); *Humphries* v. *Nix,* 77 *Ga.* 98; *Barnes* v. *Walker,* 115 *Ga.* 108 (41 S. E. 243). It appears that the note was, as to W. S. Holman, a sealed instrument. The statute of limitations bars action on a sealed instrument only after the expiration of twenty years from the date of its maturity. Code, § 3-703. It appearing that the suit was brought against W. S. Holman within twenty years after its maturity, as against him the suit was not barred. The court did not err in sustaining the demurrer to the defendant's plea of the statute of limitations.

▪ In the motion for new trial W. W. Scott, as executor of W. S. Holman, assigned error on the ground that the court erred in failing to instruct the jury, that, in the event the jury should find for the plaintiff against the defendant Scott as executor of W. S. Holman, the jury would be authorized to find in the verdict that W. S. Holman executed the note sued on as surety only. It was also insisted that the evidence demanded a finding that W. S. Holman executed the note as a surety only, and not as a principal, and therefore that the verdict, which was against W. E. Hopkins as administrator of the estate of R. W. Holman, and also W. W. Scott as executor of the will of W. S. Holman, was a finding that R. W. Holman and W. S. Holman both were joint principals in the execution of the note, and that the verdict in so finding that W. S. Holman had executed the note as a principal was without evidence to support it. While it is alleged in the defendant's plea that W. S. Holman executed the note as surety, this was a mere allegation of fact as the basis for the defendant's plea of nudum pactum. It is alleged that W. S. Holman signed the note as "surety," and did so after it had been executed by R. W. Holman, and that W. S. Holman's execution of the note was without consideration, and his promise was nudum pactum. In a suit on a note the defendant who claims to be a surety, where he has signed ostensibly as a principal, is not entitled to a verdict and judgment, so molded as expressly to declare and adjudicate that he was a surety, without a compliance by him with the Code, § 103-306, which provides that the defendant shall, before judgment, give notice to the principal of the defendant's intention to make proof of suretyship; and that he must not only plead such fact of surety-

ship, but must also pray that the verdict and judgment be so molded as to establish the fact of his suretyship, and must also establish by competent evidence the giving of such notice to the alleged principal. *Carlton* v. *White,* 99 *Ga.* 384 (27 S. E. 704); *Johnson* v. *Georgia Fertilizer & Oil Co.,* 21 *Ga. App.* 530 (94 S. E. 850); *Morrison* v. *Citizens & Southern Bank,* 19 *Ga. App.* 434 (91 S. E. 509). It not appearing from the brief of the evidence that the defendant had given such notice to the alleged principal, and there being no prayer in the defendant's plea that the verdict and judgment be so molded as to declare W. S. Holman a surety, the verdict and judgment in so far as they fail to find and declare W. S. Holman a surety, are not without evidence to support them. Also the court did not err in failing to instruct the jury that they would be authorized to find that W. S. Holman executed the note as surety only.

■ It is insisted in the motion for new trial that the court erred in instructing the jury that if W. S. Holman signed the note as "surety" for his son, R. W. Holman, after R. W. Holman had executed the note, and a benefit accrued either to W. S. Holman, or to his son R. W. Holman, there was a consideration for the signing of the note by W. S. Holman, and the jury should find for the plaintiff the full amount sued for against W. W. Scott as executor of W. S. Holman. It is insisted that this charge was error, in that it contained an instruction that the jury would be authorized to render a verdict for the plaintiff, finding W. S. Holman liable on the note if any benefit accrued to R. W. Holman by the signing of the note by W. S. Holman, notwithstanding there may have been no consideration whatsoever for the signing of the note by W. S. Holman. There is a conflict in the evidence as to whether W. S. Holman signed the note originally with R. W. Holman, or whether he signed it after the execution of the note by R. W. Holman and after the consideration of the note had passed to R. W. Holman. There is no evidence whatsoever that if W. S. Holman signed the note after its execution by R. W. Holman, and the receipt by R. W. Holman of the consideration of the note, there was any consideration for the signing of the note by W. S. Holman. There is no evidence whatsoever of any benefit accruing to R. W. Holman by reason of the signing of the note by W. S. Holman, after its execution by R. W. Holman, that would legally

amount to a consideration for the signing of the note by W. S. Holman. There appears no benefit whatsoever that could have accrued to R. W. Holman from the signing of the note by W. S. Holman, except whatever benefit might have accrued to R. W. Holman from having his note secured, after he had executed it, by the additional security of W. S. Holman, if the note was so secured. Such benefit would be no consideration for the signing of the note by W. S. Holman after its execution by R. W. Holman. Therefore a charge to the jury that if any benefit accrued to R. W. Holman by the signature of W. S. Holman there was a consideration for the signing of the note by W. S. Holman, and the jury should find for the plaintiff against W. W. Scott, as executor of W. S. Holman, the full amount sued for, was error and prejudicial to Scott, executor, in that it authorized the jury to find for the plaintiff against Scott as executor of W. S. Holman, although there was no consideration for the signing of the note by W. S. Holman. This error requires the grant of a new trial. The court did not err in sustaining the demurrers of the plaintiff to the defendant's pleas, but did err in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*

### ON MOTION FOR REHEARING.

STEPHENS, P. J. At the conclusion of the delivery by the court of the charge to the jury, counsel for the plaintiff stated to the court as follows: "There is one phase of the law that you didn't charge. If you did, I didn't catch it. That is, if the jury should find that W. S. Holman signed this note as surety at the time the note was delivered, why he would be bound." The court inquired if there was any evidence that W. S. Holman signed the note at the time it was delivered. The court and counsel for the plaintiff continued in a colloquy as to what evidence had been adduced tending to establish this fact. After this, the court finally inquired of counsel for both sides if they wanted to be heard on "that principle of law." One of the counsel for the plaintiff stated that they did not care to be heard, and Mr. Shackelford, who was one of the counsel for the defendant Scott as executor of W. S. Holman, replied: "I think your honor's charge is perfect." Counsel for the defendant in error, in a motion for rehearing, insist that this statement by Mr. Shackelford to the effect that the court's charge was perfect amounted to a waiver of any error in the

charge, and estops counsel for the defendant from afterwards asserting that the charge contained error. Whether or not such statement made by Mr. Shackelford amounted to such waiver or estoppel, it does not appear that his remark had reference to the entire charge of the court. It rather appears that the remark as to the perfection of the charge had reference to the charge of the court as respected the proposition to which the court's attention had been called by counsel for the plaintiff and around which the colloquy arose, which was that as respected the law applicable to the situation where the alleged surety, W. S. Holman, the defendant's testate, signed and executed the note at the time of its delivery, if he did, as contended by the plaintiff; and that counsel's remark had no reference to that portion of the court's charge as to the law applicable to the situation of the defendant's testate, W. S. Holman, signing the note two years after its execution.

In the motion for rehearing it is also complained that this court, in construing the alleged erroneous excerpts from the charge, did not consider them in connection with other portions of the charge immediately preceding. This court, in arriving at the conclusion that the excerpts from the charge were erroneous, considered the language of the entire charge itself, and the setting of these excerpts with reference to other portions of the charge not only immediately preceding them but appearing elsewhere. This court has overlooked nothing, as contended by counsel for the plaintiff. There is no merit in any of the grounds of the motion for rehearing. *Rehearing denied. Sutton and Fellon, JJ., concur.*