### 33666. THOMAS *v.* HUBERT *et al.*

DECIDED SEPTEMBER 12, 1951. REHEARING DENIED OCTOBER 4, 1951.

*William A. Thomas,* in propria persona.

*H. O. Hubert Jr., Russell G. Turner,* for defendant.

SUTTON, C. J.   William A. Thomas, on April 28, 1950, filed in DeKalb Superior Court what he denominated a "motion for contempt rule" against H. O. Hubert Jr. and Louis Ferrier, which he alleged was a renewal of substantially the same motion filed by him in said court against said parties on October 31, 1949, and which was voluntarily dismissed by him on March 2, 1950.   It appears that said Thomas, an attorney at law, was employed by Louis Ferrier, on October 17, 1948, to represent him in a divorce suit against his wife, Evelyn Capes Ferrier, and that the divorce suit was filed in DeKalb Superior Court on October 19, 1948, and a temporary restraining order was granted therein, restraining the defendant from interfering with or molesting the plaintiff or his property.   The motion for contempt rule alleged substantially that William A. Thomas acted as attorney for Louis Ferrier in said suit until about June 23, 1949, and that he was never legally discharged as such attorney; that no motion for his discharge was made and no order discharging him was issued by the court; that H. O. Hubert Jr., an attorney at law, acted for and advised Louis Ferrier on or about June 23, 1949, and July 1, 1949, knowing that William A. Thomas had not been legally discharged as counsel for Louis Ferrier in the divorce suit; that said Hubert, as an attorney at law and an officer of the court, did appear in said court on July 1, 1949, as attorney for Louis Ferrier in said divorce case, knowing that no motion to discharge William A. Thomas as attorney had been made and no order discharging him had been issued; that on June 23, 1949, said Hubert handed to the Clerk of the Superior Court of DeKalb County a letter signed by Louis Ferrier stating that, "This will advise you that I am no longer represented by Mr. William A. Thomas who appears as my attorney in the above stated case.   Please remove his name and place that of H. O. Hubert Jr. as attorney for plaintiff," and said Hubert requested the clerk to file the letter in said case; that H. O. Hubert Jr., obtained and accepted a

fee in money for his appearance and representation of Louis Ferrier in said case, and that he advised Ferrier to follow his legal advice in all matters pertaining to the case from the time he started representing said Ferrier, and at the trial of the divorce case on July 1, 1949, Hubert, represented to the court that William A. Thomas had withdrawn from the case as counsel for Louis Ferrier, there being of record no withdrawal of said William A. Thomas as counsel for Louis Ferrier, it being alleged that the conduct of H. O. Hubert Jr., in representing Louis Ferrier without the knowledge or consent of William A. Thomas, was contrary to law and the ethics of the legal profession and was a fraud upon the court; and that Louis Ferrier acted in concert with said Hubert, knowing that he had not paid William A. Thomas his fee in said case and that he had not legally discharged William A. Thomas as his attorney of record in the divorce case, between June 23, 1949, and July 1, 1949, when H. O. Hubert Jr. acted for him and as his attorney at law. The prayer in the motion was for a nisi order requiring each of the respondents to appear and show cause why they should not be adjudged in contempt of court.

When the motion for contempt was presented to the judge, he struck certain language from the rule or nisi order, requiring the defendants to make and file a certain kind of answer, before. signing the nisi order, and the movant filed exceptions pendente lite to this action of the court.

When the motion for contempt came on for trial, William A. Thomas made a motion to disqualify the judge of the superior court from hearing and passing on the motion, on the ground that he had presided at the trial of said divorce case— Ferrier v. Ferrier—and that the movant desired to use the judge as a witness in the contempt proceeding. The motion to disqualify was overruled, the court stating at the time that he could not recall what took place at the trial of the divorce case. The movant excepted pendente lite to the overruling of his motion to disqualify the judge.

Said Thomas then made a motion that the court adjudge Hubert in contempt on the ground that he had not filed an. answer in the contempt proceeding. The court overruled that motion, and the movant excepted pendente lite.

The case or motion for contempt proceeded to trial, and the

judge found as follows: "After hearing evidence on the rule for contempt in the within and above stated case, I hold that the parties alleged to have been in contempt are not in contempt of court under the evidence in this case."

The movant, William A. Thomas, made a motion for a new trial, which was overruled, and he excepted, assigning error on the judgment overruling the motion for new trial and on the exceptions pendente lite above mentioned.

■ There is a motion here to dismiss the bill of exceptions on the ground that the judgment in the contempt proceeding is not such a verdict or judgment to which a motion for a new trial will lie. Code, § 6-805, provides: "Where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the brief of evidence, or of the filing of such motion or brief, or of the jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." "Any point of practice which, if sound, would be fatal to a motion for a new trial should be presented to the trial court by a motion to dismiss the application for a new trial, and if not so presented, will be considered as having been waived." *Walker* v. *Neil,* 117 *Ga.* 733 (1) (supra). Also, see *Heath* v. *Philpot,* 165 *Ga.* 844, 846 (1) (142 S. E. 283); *Lewis* v. *Phillips-Boyd Co.,* 18 *Ga. App.* 181 (1) (89 S. E. 177); *Marietta Fertilizer Co.* v. *Gary,* 22 *Ga. App.* 604 (2) (96 S. E. 711); *Scott* v. *Gaulding,* 60 *Ga. App.* 306 (1) (3 S. E. 2d, 766). So far as the record here shows, no motion to dismiss the motion for new trial was made and insisted upon before the trial judge. Consequently, the motion to dismiss the writ of error is denied.

■ The three exceptions pendente lite referred to in the above statement of the case are without merit and show no error.

■ There was evidence before the court on the trial of the contempt proceeding to the effect that William A. Thomas was paid $50 on his fee in the divorce case when he was employed by Louis Ferrier on October 18, 1948, and that some time later

he was paid $300 by Ferrier, making a total of $350, which amount Ferrier testified paid William A. Thomas in full for his services in the divorce case, according to the agreement and understanding between them, and that after he paid said Thomas his fee he notified him both by registered letter and over the telephone that he was discharged as his attorney in the divorce case and that he could not represent him any further in that case; that this was done in May, 1949, and a registered letter from Louis Ferrier to William A. Thomas, dated May 31, 1949, was introduced in evidence, stating, "RE: Ferrier v. Ferrier, DeKalb Superior Court. . . . This will be your authority to withdraw as my attorney of record in the above stated case. You will please consider this letter as termination of your services in this connection."

Louis Ferrier further testified that after he paid William A. Thomas in full and dismissed him as his attorney he saw H. O. Hubert Jr., in June, 1949, about his divorce case and told him that he had paid William A. Thomas his fee and had dismissed him as his attorney, and he then employed H. O. Hubert Jr. as his attorney, and Hubert finished up his case and obtained a divorce for him on July 1, 1949.

H. O. Hubert Jr. testified that before he accepted employment as Ferrier's attorney, Ferrier told him that he had paid Thomas his fee in full and had dismissed him as his attorney in the case and that he showed him a receipt from William A. Thomas which he (Ferrier) considered to be a receipt in full for Thomas' fee in said case; that some two or three weeks before the divorce case was tried Hubert told the judge (Judge Frank Guess) that he had been employed in the divorce case in the place of Thomas, who had been dismissed from the case by Ferrier; that he brought no motion to oust Thomas as attorney and secured no order permitting him to succeed Thomas as attorney in the case.

William A. Thomas testified to the effect that Ferrier had paid him $350 as a fee in the divorce case, but that did not pay him his fee in full and that he had sued Ferrier for the balance of his fee for services rendered in the divorce case, though he could not remember how much he sued him for nor whether he filed the suit before or after he filed the contempt proceeding,

but he said he claimed a reasonable fee and would be able to prove by other members of the Bar of the DeKalb Superior Court what a reasonable fee in that case would be.

It appears from the record that a total divorce was granted between Ferrier and his wife on July 1, 1949, and that the divorce case was terminated some four months before the contempt proceeding was filed on October 31, 1949.

The trial judge was authorized to find from the evidence in this proceeding that before H. O. Hubert Jr. accepted employment by Louis Ferrier as an attorney in the divorce case he was informed by Ferrier that William A. Thomas had been paid in full for his services rendered therein as an attorney and had been dismissed as such attorney from the case, and to find further that H. O. Hubert Jr. had not violated the provisions of Code § 24-105, to the effect that the powers of the several courts to issue attachments and inflict summary punishment for contempt of court shall extend to cases of the misbehavior of any of the officers of said courts in their official transactions (an attorney being an officer of court), or the provisions of Code § 9-602, to the effect that any attorney appearing for a person without being employed, unless by leave of court, is guilty of a contempt of court.

Under the evidence in this proceeding and the principles of law as ruled in *White* v. *Aiken,* 197 *Ga.* 29 (28 S. E. 2d, 263), and *Dorsey* v. *Edge,* 75 *Ga. App.* 388, 392 (43 S. E. 2d, 425), the trial judge was authorized to find that Louis Ferrier had the right to discharge William A. Thomas as his attorney in the divorce case, and to find that the respondents were not guilty of contempt of court in the present proceeding. It follows that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*