19437. ELZEY *et al. v.* NASH.

DUCKWORTH, Chief Justice. 1. Where, as in this case, the evidence was conflicting as to whether or not the demolishing of the building while occupied by the tenant and before he was legally evicted was with his consent, the court did not err in granting the temporary injunction restraining the defendant D. J. Elzey, who had authorized the razing and demolishing of the building, from demolishing the same.

2. The lease contract attached to the petition and the allegations therein showing clearly that the petitioner was in arrears in the rent, the court erred in enjoining the defendants from dispossessing the plaintiff under the dispossessory proceedings instituted, there being an adequate remedy at law, and the allegations failing to show such a multiplicity of suits as would arise out of the entire transaction that equity should take jurisdiction. Code § 61-303; *Johnson* v. *Thrower,* 117 *Ga.* 1007 (44 S. E. 846); *Powell* v. *Gresham,* 180 *Ga.* 565, 566 (179 S. E. 708); *Flynn* v. *Merck,* 204 *Ga.* 420 (1) (49 S. E. 2d 892). The petitioner admitted receipt of a letter dated March 16, 1956, from the former landlord, stating that the property had been sold by him "to D. Elzey and Amoco Oil Co." on that date, and it was incumbent upon him to pay rent in accordance with the lease to the new landlords, since the lease specifically states that the rent is to be paid promptly when due by the tenant at the office of the lessor, his successors or assigns. Any defense he might have for the non-payment of the rent could be made by counter-affidavit.

3. The receipt of the above letter by the petitioner did not excuse the defendant Elzey from notifying the petitioner, in accordance with their written agreement that he had exercised his option of purchase whereby the petitioner, upon receipt of notice from Elzey that he had purchased the property, would vacate the building, there being conflicting evidence as to whether or not he had received such notice; hence the petitioner did not come into equity with unclean hands, although he admitted the receipt of the above letter from the former landlord.

4. The contract states a valid consideration of $1, and the petitioner may sue for same if he has not received it; and the written agreement to vacate is not void for lack of consideration or for any other reason claimed. *Nathans* v. *Arkwright,* 66 *Ga.* 179; *Nelson* v. *Woods,* 205 *Ga.* 295 (2) (53 S. E. 2d 227); *Jones* v. *Smith,* 206 *Ga.* 162 (2) (56 S. E. 2d 462).

5. There was no evidence showing that American Oil Company was involved in the razing or demolishing of the building as alleged, and the court erred in enjoining this defendant as prayed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, P. J., not participating.*

Argued September 11, 1956—Decided October 10, 1956—Rehearing denied October 29, 1956.

*Cecil Hughes, MacDougald, Feagin & Williams,* for plaintiff in error.

*G. Seals Aiken, Ben F. Sweet,* contra.