## 56875. JOLLES v. WITTENBERG et al.

QUILLIAN, Presiding Judge.

Appellant, defendant below, appeals from a directed verdict for Drs. Wittenberg and Levine, the appellees. The appellees' complaint alleged that they entered into guaranty agreements with the Georgia Railroad Bank and the C & S National Bank for loans used in the construction and operation of the Singleton Arms Apartments. The appellant was a member of the joint venture with plaintiffs and others in the Singleton Arms Apartments project. Both loan agreements were admitted in evidence and were signed by all members of the joint venture.

Dr. Wittenberg testified that he had a CPA "check on the books of the apartment" and they "found certain irregularities" and he and Dr. Levine wanted out. He stated that Mr. Jolles, an attorney, "was representing [him] before that time." He employed other counsel and "[t]here were negotiations between [himself] and Mr. Friedman [a member of the joint venture from whom they purchased their interest] and Mr. Jolles . . ." He and Dr. Levine sold their interest to Mr. Friedman and took a guaranty instrument from Mr. Jolles which recited that Mr. Jolles "does herewith covenant and agree he will

indemnify and hold Morton Wittenberg and Jerome Levine harmless from any obligation they incurred or assumed as a part of the joint venture agreement on the Singleton Arms Apartments Project . . ." Drs. Levine and Wittenberg testified that the two obligations they had incurred and assumed as a part of the joint venture were the two guaranty agreements cited above, which were also signed by all members of the joint venture.

The guaranty agreements became in default and the appellees were required to pay both banks their share of the respective amounts due them. Appellees brought this action to recover the amounts they paid. The court directed a verdict for the appellees and appellant brings this appeal. *Held:*

1. Appellant has ignored Rule 18 (c) (1) (Code Ann. § 24-3618 (c) (1)) of this court which requires that sequence of argument in the brief "shall follow generally the order of enumeration of errors, and shall be numbered correspondingly." In appellant's brief, he has enumerated three errors but asserts five issues, which are unnumbered, and contends that those issues support his three enumerated errors. All "issues" are argued interchangeably.

2. The first and fifth issues argued by appellant assert "the instrument sued upon was not supported by any consideration and there is no evidence which demanded a finding that the instrument sued upon was in fact supported by any consideration." We disagree.

The instrument stated: "Now, Therefore, in consideration of the sum of One ($1.00) Dollar, cash in hand paid, the receipt and adequacy of which is hereby acknowledged, and the benefits hereby knowledged [sic] to be flowing to the undersigned, the undersigned [Mr. Jolles] does herewith covenant and agree he will indemnify and hold . . . harmless" the plaintiffs.

"A consideration is essential to a contract which the law will enforce. An executory contract, without such consideration, is called nudum pactum, or a naked promise. In some cases a consideration is presumed, and an averment to the contrary will not be received. Such are generally contracts under seal . . ." Code Ann. § 20-301 (Code § 20-301). "A contract under seal is a written

instrument, containing a recital in the body of the instrument to the effect that it is given under seal, and having attached to the signatures of the parties thereto a seal or scroll." 6 EGL 70, Contracts, § 9; Code Ann. § 3-703 (Code § 3-703); *Stansell v. Corley,* 81 Ga. 453 (1) (8 SE 868). The instrument signed by appellant stated: ". . . the undersigned has hereunto set his hand and seal . . ." Thereafter was his signature — "Issac S. Jolles (L. S.)." This is sufficient to make this an instrument under seal. *Crosby v. Burkhalter,* 50 Ga. App. 610 (1) (179 SE 180); *Barnes v. Walker & Co.,* 115 Ga. 108 (1) (41 SE 243).

A contract under seal raises a prima facie presumption of consideration, which is rebuttable. *Citizens Bank v. Hall,* 48 Ga. App. 127 (2a) (172 SE 70). Thus, although a contract under seal imports con-sideration (*Sivell v. Hogan,* 119 Ga. 167 (1) (46 SE 67)), the defense of failure of consideration can be asserted. *Slaton v. Fowler,* 124 Ga. 955 (3) (53 SE 567). However, any nominal consideration recited in sealed instruments is sufficient as a matter of law. *Nathans v. Arkwright,* 66 Ga. 179 (1a); *Jones v. Smith,* 206 Ga. 162 (2) (56 SE2d 462); *Elzey v. Nash,* 212 Ga. 663 (4) (94 SE2d 874).

Here the monetary consideration recited is $1, which was noted as received and admitted by the defendant as to its "adequacy." The parties stipulated that the $1 was not paid. But this evidence is not controlling. "Where a contract contains a recital of the payment of one dollar as its consideration, the contract is valid though the sum named was not actually paid. It creates an obligation to pay that sum, which can be enforced by the other party." *Southern Bell &c. Co. v. Harris,* 117 Ga. 1001 (2) (44 SE 885); *Nelson v. Woods,* 205 Ga. 295 (2) (53 SE2d 227); *Jones v. Smith,* 206 Ga. 162 (2), supra; *Smith v. Wheeler,* 233 Ga. 166, 168 (210 SE2d 702). Accordingly, we find the contract was supported by monetary consideration which was agreed to, in writing, by the appellant to be adequate. We need not reach the remaining averment within the contract as to other consideration. These enumerations are without merit.

3. Appellant argues that the trial court erred in directing a verdict for appellees as there was "a substantial conflict in the evidence." We agree that there

was a conflict in the evidence — but not as to a material issue. The Code provides "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150 (a) (CPA § 50 (a); Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248).

The guaranty agreement signed by appellant agreed to indemnify and hold harmless the appellees "from any obligation they incurred or assumed as a part of the joint venture agreement on the Singleton Arms Apartments Project . . ." Both appellees testified that they executed the guaranty agreements with the Georgia Railroad Bank and the C & S Bank as a result of their participation in the joint venture project and "[t]hose guaranty agreements were directly related to the Singleton Arms Apartments." The documents themselves show that all members of the joint venture signed them. This evidence demands the finding that both appellees "incurred or assumed as a part of the joint venture agreement on the Singleton Arms Apartments Project" these two guaranty agreements. This complies with the terms of the appellant's guaranty contract to the appellees. The fact that appellee testified that part of the money guaranteed under the guaranty contract to the Georgia Railroad Bank was on other notes of Mr. Friedman — which was not related to the Singleton Arms project, does not change the basic fact that appellees incurred both of these obligations because of their participation in the joint venture agreement on the Singleton Arms project. There is no testimony contrary to that of Dr. Wittenberg of the reason for their incurring such obligations. The trial court did not err in directing a verdict for appellees.

4. Appellant contends that the failure of the appellees to introduce the "written joint venture agreement created a fatal gap in the appellees' case." We are unable to follow appellant's reasoning. He argues: "Was the debt sued for within the scope of the indemnity agreement?" We have found in Division 3 above that they were, and we did so without reference to the joint venture agreement. We do not understand how the joint venture agreement would or would not show whether two

subsequent guaranty agreements were "incurred or assumed as a part of" such agreement, and appellant has been unable to show us why they were not. To the contrary, Mr. Jolles testified that he was a member of the joint venture agreement with both appellees and that this joint venture "is the agreement referred to in Plaintiff's Exhibit 1," which is the guaranty agreement sued on. Further, all members of the joint venture signed both guaranty agreements, which went into default and both Dr. Wittenberg and Dr. Levine "[a]nd all the other members of the group were called upon to pay the obligation." Defendant's attorney introduced the evidence that both appellees, appellant and two other members of the "joint venture" each paid $21,750 after default of the joint venture on the two guaranty agreements to the two banks. We find this enumeration to be without merit.

5. Appellant's counsel asked appellant to state "whether or not [he] received any consideration as a result of the execution of plaintiff's Exhibit 1 [the guaranty agreement signed by appellant]?" Appellees' objection was sustained. The document recited that he received $1 and other benefits. We find no harm to the appellant from the procedure followed. Pretermitting the issue of whether the question called for an answer which was a legal conclusion, the appellees' counsel stipulated that appellant did not receive the $1 set forth in the agreement. Counsel was then permitted to ask: "what, if anything . . . did you receive . . .?" He replied: "I received absolutely nothing. The $1.00 referred to in the instrument was not received by me." Thus, although the court sustained the objection, the question was subsequently answered in full. This enumeration is without merit. Furthermore, in view of our holding in Division 2 that there was consideration, this enumeration is moot.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED JANUARY 5, 1979 —
REHEARING DENIED JANUARY 29, 1979 —

*Jay M. Sawilowsky,* for appellant.
*Congdon & Williams, W. Barry Williams,* for appellees.