JONES *et al.* v. HOME OWNERS LOAN CORPORATION.

No. 12910. JULY 13, 1939.

*J. P. Tomlinson,* for plaintiffs in error.

*L. L. Moore, Jabe H. Barnett,* and *Ralph L. Wiggins,* contra.

JENKINS, Justice. Home Owners Loan Corporation sued out a dispossessory warrant against Mary Jones as tenant under the plaintiff of certain premises, on account of failure to pay the rent. Emma Jones, her sister, as her next friend and as next friend of her mother, Mrs. C. A. Jones, filed a counter-affidavit in their behalf, in which she set up that both her sister, Mary Jones, and her

mother, Mrs. C. A. Jones, were of unsound mind, and on behalf of Mary Jones sought to deny that the plaintiff was the owner of the described property, and to set up that her mother, Mrs. C. A. Jones, was the true and lawful owner, and consequently that the plaintiff never had possession of the property or any right to the possession thereof, and that the rents claimed to be due were not due. In this counter-affidavit Emma Jones set forth that the plaintiff's claim of title was under a purported security deed executed by Mrs. C. A. Jones, and a deed under a power of sale therein; that the grantor was mentally incapable of executing her deed; and that consequently the title thus acquired by the plaintiff was null and void. Emma Jones as next friend prayed that Mrs. C. A. Jones be made a party to the dispossessory proceeding; and that the security deed and the deed under the power of sale be canceled as clouds on the title of Mrs. C. A. Jones. Pending the determination of the case Mrs. C. A. Jones died, and by amendment her heirs at law were sought to be made parties in her stead. At a hearing the judge, on demurrer and motion, struck all of the defenses, filed in one pleading by Emma Jones and the heirs of Mrs. C. A. Jones, on the ground that the statutory bond had not been given as required by law; the grounds of plaintiff's attack being that the pleading set forth no cause of action and no equity, that Mary Jones has a full and complete remedy at law prescribed by the statutes governing dispossessory warrants, that there was a misjoinder of parties and of defenses, that Mary Jones could not dispute her landlord's title, and that no statutory bond had been given as required by law.

Whatever may have been the rights of Mrs. C. A. Jones and her heirs in an equitable proceeding brought for the purpose of removing the clouds on her alleged title by canceling the security deed made by her and the deed executed in pursuance of the power of sale contained therein, so far as this proceeding is concerned it is a statutory dispossessory warrant by one claiming title and against its tenant, Mary Jones. This being true, in order for the tenant to stay the proceeding, she would have to show that the relation of landlord and tenant between her and the plaintiff did not exist, or that the rent claimed by the landlord was not due and owing, or that the lease or term of rental had not expired. Code, § 61-303. This the counter-affidavit does not do, but seeks to dispute the title

of the landlord, which she as tenant is not permitted to do. Code, § 61-107. The proceeding being statutory, the defendant can not, by counter-affidavit or equitable pleading or amendment, inject an issue which is not germane to that involved in the proceeding. *Patrick* v. *Cobb*, 122 *Ga.* 80 (49 S. E. 806) ; *Hayes* v. *Hayes*, 137 *Ga.* 362, 365 (73 S. E. 659). Nor in her attempt to deny the claim by denying her landlord's title does she give the bond required by the statute. This requirement being jurisdictional, its omission would invalidate any defense which she in fact might otherwise have been entitled to interpose. *Hall* v. *Holmes*, 42 *Ga.* 179, 182 ; *Cherry* v. *Ware*, 63 *Ga.* 289 ; *Carlton* v. *Hibernia Savings Association*, 185 *Ga.* 425 (2) (195 S. E. 764), and cit. Accordingly, the court did not err in dismissing on demurrer the counter-affidavit together with the intervention, filed not as an independent equitable proceeding, but embodied in one pleading as a part of the defense set up by the counter-affidavit.

*Judgment affirmed. All the Justices concur.*