24049. WILLIAMS v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

Argued May 9, 1967—Decided June 9, 1967—Rehearing denied June 22, 1967.

*Howard Moore, Jr., Jack Greenberg, Charles H. Jones, Jr., Michael Davidson,* for appellant.

*William K. Meadow, G. Lemuel Hawes, R. Byron Attridge, King & Spalding, Paul Anderson, Arthur K. Bolton, Attorney General, Alfred L. Evans, Harold N. Hill, Jr., Assistant Attorneys General,* for appellee.

Mobley, Justice. On December 5, 1966, the Housing Authority of the City of Atlanta brought a proceeding under *Code Ch.* 61-3 to dispossess Josephine Williams as a tenant holding over. She filed a counter affidavit asserting that her lease has not expired, and that the proceeding is instituted in deprivation of her rights under stated Amendments of the United States Constitution. She also filed a motion for leave to proceed without tendering bond, alleging that by reason of her poverty she is unable to give the bond; and that *Code* § 61-303, which requires the giving of bond to arrest dispossessory proceedings, violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and provisions of the Georgia Constitution, because it deprives her of obtaining judicial review of her defenses in the courts of this State solely by reason of her poverty.

Motion for summary judgment was filed by the Housing Authority on the grounds that (a) the tenant has not lawfully arrested the dispossessory proceeding because she has not tendered a bond with good security as required by *Code* § 61-303; and (b) there is no genuine issue with respect to the termination of the tenancy, since it appears without dispute that the landlord has given the tenant written notice of the termination of the

lease contract between the parties, for more than the thirty days required by the contract.

On February 28, 1967, the trial judge granted the motion for summary judgment, denied the motion to proceed without tendering bond, and denied the motion for an order directing the clerk to receive and hold rents. On March 8, 1967, an order was entered denying a motion to stay pending the appeal. The appeal is from these orders and judgments.

It is asserted in the enumeration of errors that these orders and judgments were erroneous. It is claimed that the grant of the summary judgment and the denial of the motion to proceed without tendering bond denied rights of the appellant under stated provisions of the State and Federal Constitutions, because *Code* § 61-303 is unconstitutional, and because there is an issue of fact as to whether the appellee gave the appellant notice and afforded her a hearing prior to instituting the eviction proceeding.

■ The appellant has remained in possession of the leased premises by reason of an order temporarily restraining her eviction, issued by the United States District Court for the Northern District of Georgia, and she has deposited rents with that court. The fact that the appellant has not been evicted distinguishes the present case from *Williams v. Shaffer,* 222 Ga. 334 (149 SE2d 668), and makes it unnecessary to rule on the contention that the orders denying her motions for stay pending appeal, and for an order directing the clerk to receive rents, were erroneous.

■ This court will not decide constitutional questions where a determination of the questions is not necessary to a decision in the case, and where a ruling on the constitutional questions could not, under any view of the case, be beneficial to the party invoking the ruling. *Whittle v. Jones,* 198 Ga. 538, 544 (32 SE2d 94); *State Hwy. Dept. v. Noble,* 220 Ga. 410, 414 (139 SE2d 318); *Hinson v. First Nat. Bank in Waycross,* 221 Ga. 408 (1) (144 SE2d 765).

In order to prevent an eviction under the summary dispossessory proceeding authorized by *Code* § 61-301, the tenant may file a counter affidavit declaring that the lease has not expired, provided that the tenant tender a bond with good security, payable to the landlord, for the payment of such sums as may be

recovered against him on the trial of the case. *Code* § 61-303. It has been held by this court that it is necessary to give this bond in order to resist the dispossessory proceedings. *Cherry v. Ware,* 63 Ga. 289; *Jones v. Home Owners Loan Corp.,* 188 Ga. 466 (4 SE2d 146).

In the present case the appellant filed a counter affidavit and a motion for leave to proceed without tendering bond, and this motion was amended by additional pleadings. The trial judge allowed the appellant to take depositions. Thereafter the appellee filed a motion for summary judgment. The affidavits of the appellee attached to its motion for summary judgment, and the affidavit and depositions relied on by the appellant in her response to the motion, all relate to the merits of the appellant's defense to the eviction proceeding. The motion for leave to proceed without filing bond was not denied until the denial of the summary judgment, and this order recited that it was entered "after hearing argument and considering the pleadings and the affidavits filed on behalf of both plaintiff and defendant, . . ." As shown by the subsequent division of this opinion, these affidavits and depositions show conclusively that the appellant has no valid defense to the dispossessory proceeding. It is therefore unnecessary to rule on the contention that *Code* § 61-303 is unconstitutional because it deprives her of obtaining judicial review of her defenses solely by reason of her poverty, since she has been given an opportunity to present all the defenses which she could have presented if she had filed the bond required by *Code* § 61-303.

■ The appellant was first admitted to the housing project of the appellee in 1963. The lease contract which the appellee sought to terminate was dated March 25, 1966, and is for the term of one calendar month, beginning on the first day of the calendar month following the date of execution, with automatic renewal for successive terms unless the tenant is in default or the landlord has given notice of termination. It provides that the landlord may terminate the lease without cause at any time by giving the tenant not less than thirty days' notice in writing. The tenant agrees to report to the landlord immediately any change in family status, including the birth of a child to the

tenant. Any misrepresentation of a material fact in the application of the tenant, or any failure to give the landlord notification of a change in the composition of the family, is made a specific cause for termination of the lease.

The appellant, who is unmarried, listed four children (one not then living with her) when she made application for an apartment in the housing project. It is undisputed that a fifth child was born to her on June 9, 1966, and that this fact was not reported by her to the appellee, as required by the lease contract. In the deposition of A. F. Smith, housing manager of the project in which the appellant lived, which was submitted by the appellant in opposition to the motion for summary judgment, he testified that the cause of the institution of the dispossessory proceeding "began . . . with the information" the appellee had received that the appellant had another illegitimate child.

In an affidavit submitted by the appellee in support of its motion for summary judgment, Mrs. Lylah H. Richardson, an employee of the appellee, stated that at the time the appellant applied for admission in the housing project she stated that Harry Davis was the father of her four children, and that he died in October, 1960. Mrs. Mary Lester, another employee of the appellee, in her affidavit stated that her duties include discussions with tenants concerning the facts and circumstances relating to their eligibility as tenants; and that on August 15, 1966, the appellant told her that Isaac Mapp was the father of her youngest child, and that three other named men were the fathers of the other three children living with her.

In the appellant's affidavit submitted in opposition to the motion for summary judgment she stated that she had read the affidavits of Mrs. Richardson and Mrs. Lester, and she admitted that at the time of her application for admission to the housing project she made the statement that Harry Davis was the father of her four children. She did not deny that each of the children living with her had a different father, but asserted that at no time did she have a man living with her in the apartments of the appellee, stating that the last child was conceived when she "was out on a date." This latter statement is apparently submitted as evidence in connection with the contention in her pleadings

that "the cause or pretext of the commencement of dispossessory proceedings are the unfounded suspicions of the project manager, Mr. A. F. Smith, that the tenant has or had a man in the house, . . ."

In the affidavit of A. F. Smith, housing manager, submitted with the motion for summary judgment, it was stated in part: "The reasons for the termination of the lease were refusal to abide by the provisions of the lease, material misrepresentations, and continual illegal acts which affect the moral environment of the entire housing project. . . We have as a major objective the establishment and preservation of good neighborhoods and of providing a favorable environment for family living. In meeting this responsibility, we must take positive action for the benefit of all the tenants where actions of a single tenant threaten the welfare of the community. Although we are removing Miss Williams as a tenant at Perry Homes, there is a long waiting list of tenants who are just as needy and who do not exhibit the unfavorable conduct displayed by Miss Williams."

In Ga. L. 1959, pp. 65, 67 (*Code Ann.* § 99-1116) it is declared to be the policy of this State "that each housing authority shall manage and operate its housing projects in an efficient manner so as to enable it to fix the rentals for dwelling accommodations at the lowest possible rates consistent with its providing decent, safe and sanitary dwelling accommodations. . ." It is thus a legitimate concern of the employees of the appellee that the moral environment of the housing project should remain on the highest possible level.

The misrepresentations of the appellant with reference to the parentage of her children, and her failure to report the birth of another illegitimate child, were substantial and material breaches of her lease agreement on matters of valid concern to the appellee, authorizing a termination of her lease. Her evidence shows no defense to the attempted eviction.

■ The appellant contends that she was entitled to notice and a hearing on the reasons for her eviction, prior to the notice to vacate. Attorneys for the appellant cite the recent decision of the Supreme Court of the United States in Thorpe v. Housing Authority of the City of Durham, 385 U. S. 967, wherein it was

pointed out that on February 7, 1967, the Federal Department of Housing and Urban Development issued a directive to local housing authorities which included the language: "Since this is a federally assisted program, we believe it is essential that no tenant be given notice to vacate without being told by the Local Authority, in a private conference or other appropriate manner, the reasons for the eviction, and given an opportunity to make such reply or explanation as he may wish." The judgment of the Supreme Court of North Carolina, affirming an eviction of Thorpe by the Housing Authority of the City of Durham, North Carolina, was vacated and the case remanded "for such further proceedings as may be appropriate in the light of the February 7 circular. . ." No decision was made as to the legal effect of the circular on local housing authorities, or whether it was applicable to the person evicted.

The written notice of the termination of the lease in the present case did not inform the appellant of the reasons for its termination, but in the deposition of Mr. Smith, relied on by the appellant in resisting the motion for summary judgment, he testified that in conversations with the appellant she was informed of the reasons prior to the notice of termination. In the appellant's affidavit she states that when she went to see Mr. Smith on July 27, 1966, he did not say why he wanted to evict her. She does not deny that she was given notice by him on some other date of the reasons for the termination of her lease, nor does she deny the evidence that she had interviews with other employees of the appellee in regard to its termination. There is thus no material issue of fact as to whether she was given notice and opportunity to be heard. It is unnecessary to a decision in the present case to determine whether notice and opportunity to be heard are required under the circular referred to in the Thorpe case, supra.

■ There was no "genuine issue as to any material fact" (Ga. L. 1959, p. 234; *Code Ann.* § 110-1203) in the evidence submitted on the motion for summary judgment, and it was not error to grant the motion.

*Judgment affirmed. All the Justices concur.*