62036. HOUSING AUTHORITY OF THE CITY OF ATLANTA v. DAVIS.

QUILLIAN, Chief Judge.

Appellant Housing Authority brought proceedings against appellee Davis as a tenant holding over. From a bench trial verdict for

appellee the Housing Authority appeals on the ground that the verdict was contrary to the evidence. *Held:*

We reverse.

The parties entered into a lease agreement for an apartment in a housing project which stated in paragraph VI A 6 that appellee agreed to cause her seven minor children and other persons who are on the premises with her consent "to conduct themselves in a manner which will not disturb (her) neighbors' peaceful enjoyment of their accommodations and will be conducive to maintaining the Project in a decent, safe and sanitary condition." A stated example of prohibited conduct was "Engaging in any illegal activity which impairs the physical or social environment of the Project."

The Housing Authority's evidence showed that the apartment of Hollis located in the same project had been broken into and numerous items of personal property removed. Hollis discovered that appellee's 15-year-old son may have been involved, and went to appellee's apartment. There she saw a wrist watch taken from her apartment being worn by an adult male later identified by appellee as her cousin who was watching the children while she was absent. When police arrived appellee's son brought several items of Hollis' property down from the second floor of appellee's apartment and returned them to Hollis.

Appellee's testimony did not dispute appellant's evidence. She claimed she had no knowledge of what occurred because she was not at home but admitted being present when Hollis' property was taken from her apartment and returned to Hollis.

In *Williams v. Housing Authority,* 223 Ga. 407 (3) (155 SE2d 923), the Supreme Court in affirming summary judgment for the Housing Authority on a dispossessory warrant for breach of lease, said: "In Ga. L. 1959, pp. 65, 67 (Code Ann. § 99-1116) it is declared to be the policy of this State 'that each housing authority shall manage and operate its housing projects in an efficient manner so as to enable it to fix the rentals for dwelling accommodations at the lowest possible rates consistent with its providing decent, safe and sanitary dwelling accommodations . . .' It is thus a legitimate concern of the employees of the appellee that the moral environment of the housing project should remain on the highest possible level.

"The misrepresentations of the appellant with references to the parentage of her children, and her failure to report the birth of another illegitimate child, were substantial and material breaches of her lease agreement on matters of valid concern to the appellee, authorizing a termination of her lease. Her evidence shows no defense to the attempted eviction." Id. at 412.

In this case we also find from undisputed evidence a clear and

material breach of paragraph VI A 6 of the lease by appellee's son and cousin being found in possession in appellee's apartment of property recently stolen from a nearby apartment. As in *Williams v. Housing Authority,* 223 Ga. 407, supra, we do not find that there was a forfeiture as claimed by appellee. Accordingly the trial court's finding for appellee was clearly erroneous and is reversed. Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

Decided May 21, 1981.

*Lenwood A. Jackson, Willie Edward Robinson,* for appellant. *Debra A. Segal, Carolyn S. Weeks,* for appellee.