### 38876. EVANS CLAY COMPANY et al. v. SIMS et al.

WELTNER, Justice.

Summary judgment granted on motion of the Sims heirs cancelled a clay-mining lease upon findings and conclusions by the trial court that the lessee, Evans Clay Company, materially had breached the accounting provision of the lease by calculating certain royalty payments made to the Sims heirs, as lessors, based on volumes of unprocessed clays, rather than upon weighed tonnages of clays processed and shipped. The lessee appeals.

The Sims heirs accepted payments calculated on this volume basis for limited portions of the lease term. A designated representative of the Sims heirs was furnished a periodic accounting of the basis for these payments.

The lease expressly prohibits its forfeiture "after acceptance by the lessor of the royalties or minimum forfeitures due for the period or periods in which the royalty was not paid in exact compliance with the terms of the lease."

Under the accounting method employed by the lessee, the Sims heirs would have been due *at most* approximately fourteen thousand dollars more than they have received during the term of the lease, the royalty payments since 1950 having exceeded a quarter of a million dollars.

We agree with the lessee's contention that in no event could the breach (if any) have been sufficiently material to authorize cancellation of the lease. *Cordell v. Cordell,* 206 Ga. 214, 217 (1) (56 SE2d 251) (1949). Cf., *Williams v. Housing Authority,* 223 Ga. 407, 412 (155 SE2d 923) (1967); *Sinclair Refining Co. v. Giddens,* 54 Ga. App. 69 (187 SE 201) (1936); *City of Atlanta v. Wise,* 51 Ga. App. 941 (181 SE 882) (1935).

The remedy of the Sims lessors is to seek monetary damages for any tons of processed and shipped clays from the Sims' tract for which royalty payments have not been made. *Pritchett v. King,* 56 Ga. App. 788 (194 SE 44) (1937). This judgment enforces the agreement of the parties that lease forfeiture would not result from royalty payments being made and accepted not in accordance with the terms of the lease. See, *Hicks v. Beacham,* 131 Ga. 89 (62 SE 45) (1908).

*Judgment reversed. All the Justices concur, except Smith, J.,*

*who dissents.*

DECIDED OCTOBER 27, 1982 —
REHEARING DENIED NOVEMBER 10, 1982.

*Boone, Scott & Boone, Walter A. Scott, Kilpatrick & Cody, Thomas C. Harney, Kevin B. Buice, William B. Gunter,* for appellants.

*Robert M. Margeson III, Groover & Childs, Denmark Groover, Jr.,* for appellees.

*Philip B. Spivey, Cashin & Davis, Harry L. Cashin, Jr., William T. McKenzie, King & Spalding, Frank C. Jones, Chilton Davis Varner, John B. Harris, Jr., William C. Harris, Sutherland, Asbill & Brennan, D. Robert Cumming, Jr., C. Christopher Hagy, Timothy W. Floyd, Dickens, Mangum, Burns & Moore, Charles E. Moore,* amici curiae.